# Cole v. Propst Brothers.

119 99
127 64

### Statutory Trial of Right of Property.

1. *Conditional sale.*—When the vendor of personal property reserves title until the purchase money is paid, with agreement that the vendee may exchange it for other property of like kind, tne title of the property so acquired to vest in the vendor, upon such exchange being made the vendee holds the property exchanged for as upon a conditional sale of the vendor, and not as bailee; and this, whether the property exchanged was treated as the property of the vendor or vendee.
2. *Affirmative charge.*—If the finding of the jury is by way of inference which may or may not be drawn from the evidence, it is error to give the general affirmative charge.

APPEAL from Fayette Circuit-Court.

Tried before Hon. S. H. SPROTT.

W. H. Cole caused an execution in his favor against one Thad Fowler to be levied on a horse in the defendant's possession. Propst Bros. instituted a claim suit. On the trial the evidence for claimants tended to show that Propst Bros. sold a certain horse to defendant, Fowler, that at the time of sale it was agreed that the

title of the horse was reserved until paid for, but it was further agreed that Fowler might trade the horse according to his best judgment, and the several horses he should get in exchange were to be the property of claimants, but upon condition that Fowler must keep as good a horse as the one sold him; that Fowler had traded the horse sold him, and had made several other trades of horses received for the one sold him. On the examination of the witness, Fowler, he was asked by plaintiff: "Did you trade the horse Propst Bros. sold you and also the several horses you received by continuing to trade the animals (horse or mule) severally coming into your hands from continuing to trade as the horses or mules of Propst Brothers?" Claimant objected on the ground that the evidence called for was illegal and irrelevant. The court sustained the objection and plaintiff excepted. The court gave the general affirmative charge for the claimant. · Plaintiff appeals. · ·

JAMES J. RAY, for appellant, cited, 1 Brick. Dig. 335, §4; 3 Brick. Dig. 110, §48; 21 Am. & Eng. Encyc. of Law 629, 630; 29 Ala. 262; 26 Ala. 312; 91 Ala. 309; 3 Am. & Eng. Encyc. of Law, 424; 9 Ib. 880, 882.

(No counsel marked for appellee.)

McCLELLAN, J.—If Propst Brothers sold a horse to the defendant on credit and reserved the title thereto until the purchase money was paid, and there was a further agreement between the parties to the effect that defendant should have the right to exchange this horse for another, and this other for another and so on, but that title to any horse so exchanged for should vest in Propst Brothers until the original debt was paid to them, such title would so vest upon an exchange, and the defendant would hold the horse exchanged for as upon a conditional sale from Propst Brothers, and not as their bailee, whether he exchanged the original or any other animal as the property of himself or of Propst Brothers. The question propounded by plaintiff's attorney to the defendant as a witness, and which the court declined to have answered, called, therefore, for irrelevant and immaterial testimony; and the court's ruling thereon was free from error.

[McKissack v. Voorhees, Miller & Co.]

We find no direct evidence in the bill of exceptions that the horse involved here was the original animal or that he had been acquired by the defendant through an exchange of the original horse or a series of exchanges beginning with the original horse. At the most that was a matter of inference to be drawn or not drawn by the jury as the evidence, assuming their belief of it, might impress them. On this state of case, the question should have been left to the jury. The court erred in taking it away from them by giving the affirmative charge for the claimant.

Reversed and remanded.