### DAN TORRENCE v. THE STATE.

No. 5318. Decided May 21, 1919.

**1.—Theft of Automobile—Evidence—Confessions—Fruits of Crime.**

Where, upon trial of the theft of an automobile, the alleged confessions of the defendant led to the finding of the alleged stolen property, the same

were admissible in evidence. Following Buntain v. State, 15 Texas Crim. App., 485, and other cases.

### 2.—Same—Ownership—Management and Control—Special Owner.

Where, upon trial of the theft of an automobile, the indictment alleged ownership in the person who had control, care and management of the same instead of the actual owner, the contention that there is a variance between the allegation and the proof as to ownership is untenable, and there is no reversible error. Following Bailey v. State, 18 Texas Crim. App., 426, and other cases.—See opinion for general rule as to allegation and proof of ownership.

### 3.—Same—Evidence—Flight—Same Offense.

Where it was shown that the defendant was in jail for the same offense under a different complaint, and during such confinement broke jail and fled, there was no reversible error in admitting such testimony.

### 4.—Same—Evidence—Flight—Lost Papers.

In proving the flight of the defendant, there was no error in showing that the papers in the County Court had disappeared and could not be found, as a predicate of showing the flight of the defendant.

### 5.—Same—Oral Confession—Written Confession.

Where defendant had made an oral confession which led to the finding of the alleged stolen property, there was no error in admitting such confession, because defendant had subsequently made a written confession which could also be introduced.

Appeal from the District Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of theft of an automobile; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. Webb Stollenwerck, Sr.*, for appellant.—On question of flight: Damron v. State, 58 Texas Crim. Rep., 255, 125 S. W. Rep., 396.

On question of confessions: Elliott v. State, 203 S. W. Rep., 766; Brown v. State, 71 Texas Crim. Rep., 45, 158 S. W. Rep., 533.

*E. A. Berry*, Assistant Attorney General, for the State.—On question of confessions: Ortiz v. State, 68 Texas Crim. Rep., 527, 151 S. W. Rep., 1056; Windham v. State, 67 Texas Crim. Rep., 664, 150 S. W. Rep., 613.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the theft of an auto, his punishment being assessed at five years confinement in the penitentiary.

The facts show that at night from the public square at Hillsboro an automobile was stolen. Shortly afterwards it was sold at Gorman, Eastland county. Appellant was arrested and made a verbal confession, substantially, that "we" took the car at Hillsboro and

sold it to Jones at Gorman. This confession was made to the sheriff of Coke County, who went to Gorman, saw Jones, who showed him a Ford car but it proved not to be the one stolen from Hillsboro. He returned to Coke County, and shortly afterwards was called up by Jones stating that he had the car. He returned to Gorman and recovered a car, which proved to be that which had been stolen. Jones had the car when the sheriff first went to Gorman but did not show it.

It is contended inasmuch as the sheriff had, after the confession received information from the sheriff of Hill County as to the number of the auto, that, therefore, this confession did not lead to the recovery of the car. Jones testified that Allsup and defendant came to Gorman with the car and he bought it. Without going into detail of his statements, his evidence is, in substance, that their conversations and acts, showed they were acting together in selling the car, and were interested in it. The testimony is sufficient to show that appellant was interested and assisted in the sale, and that the evidence makes him a principal within the contemplation of the law, which justified the court in charging with reference to the law of principals.

With reference to the confession, we are of opinion that it was admissible. The statement led to the finding of the stolen property. The whereabouts of the car was not known until this confession was made. Appellant's contention that the sheriff of Coke county received information as to the number of the car from others would render the confession inadmissible. We cannot agree to that proposition. The car was fully identified independent of the number and by an array of testimony. If the confession leads or conduces to the recovery or finding of the property, it would be sufficient to admit it   The authorities hold that if the statement be with regard to where the fruits of a crime, or the instruments with which a crime was committed, are secreted or to be found, it is not esential, in order to render the confession admissible, that such property or instruments be found in the exact place stated; but it is sufficient that they be found in the immediate vicinity of such place, and be found in consequence of the information afforded by the defendant. See Buntain v. State, 15 Texas Crim. App., 485; Davis v. State, 8 Texas Crim. App., 510. The facts and circumstances stated and found to be true, must be such as conduce to establish the guilt of the defendant, and if they are not of this character, the confession will not be admissible. Where the fact or circumstance stated and found to be true, and which is inculpatory, conducing to establish his guilt of the crime for which he is on trial, it will render the confession admissible. Owens v. State, 16 Texas Crim. App., 448; Ortiz v. State, 68 Texas Crim. Rep., 527-8. The car was located by reason of the confession in possession of Jones at Gorman. Some

of the circumstances put in evidence as a means of identifying the car would not, therefore, render the confession inadmissible especially in view of the fact it was fully identified independent of the number of the car mentioned.

It is also contended that there is a variance between the allegation and the proof as to ownership. There were two counts, one alleging ownership in Howard and the other in Harper. The count alleging ownership in Howard alone was relied upon and submitted to the jury. The testimony is uncontroverted to this effect that Howard sold Harper the car, receiving a check for it. Howard was to keep the car until Harper could call and get it, he not being able to take charge of it at the time he purchased it. He was to return in a day or two and get it. Howard did keep the car and had it in possession and was using it the night it was stolen. We are of opinion that this would put the ownership, so far as this case is concerned, in Howard, he having the control, care and management of it until it was delivered to Harper. It may be well to state a few general rules in support of the above conclusion. Ownership may be alleged in the general or special owner. This is a general rule legally to be recognized as correct in theft cases. While this is true, there is another rule, which is statutory, to the effect that ownership must be alleged in the party who has the actual control, care and management of the property alleged to have been stolen. This question was fully discussed in Bailey v. State, 18 Texas Crim. App., 426 and Frazier v. State, 18 Texas Crim. App., 434. The real ownership may be in one person and the actual control, care and management in another, and where this is the case ownership must be alleged in the party having the actual control, care and management. In such case it would not be sufficient to only allege ownership in the real owner. It would not detract from the indictment that possession be alleged in the real owner under such circumstances, but the indictment would not be complete nor sufficient to meet the facts unless it alleged ownership in the party who had the actual control, care and management of the property. To allege ownership in both would place the burden upon the State of proving such alleged ownership, and want of consent whereas if the ownership in the real owner was not alleged, and the facts would show that the control, care and management of the property was in the special owner, it would be sufficient to show and it would have to show such possession. These rules are found collated it Mr. Branch's Ann. P. C., in notes, on pp. 1316 and 1317. Ownership may be alleged in the special owner whether the special owner would be responsible to the real owner or not. The proposition is, he must be under such circumstances in actual control, care and management of the property at the time it was taken. See King v. State, 43 Texas, 351; King v. State, 100 S. W. Rep., 387-9; Howard v. State,

77 Texas Crim. Rep., 185. That the ownership may also be alleged in all joint owners or partners heirs, etc., does not relieve the State from alleging ownership in the special owner when such is the fact. If one of the heirs has the actual control, care and management, ownership must be alleged in such heir. It would not detract from the indictment to allege the others were joint owners. It would place the burden on the State to prove their non-consent. Applying these rules to the facts here, we are of opinion that the ownership was properly alleged in Howard.

Objection was urged to the introduction of flight. In this connection the record discloses that there was a charge lodged against appellant in the County Court in Hill County, for taking this car, and under this he was held in custody in jail in Coke County, and while so held broke jail and fled. When the indictment in the instant case was returned that case passed off the County Court docket, and appellant was held and tried under the felony charge. Appellant's contention is based upon the idea that the case in the County Court was an entirely separate and distinct case from that found against him in the District Court under the indictment. We are of opinion this is not maintainable. It was not a separate case in the sense in which appellant urges it. It was an arrest for the taking of the same auto for which he was tried in the District Court. It involved the same act and the same facts, and it was from the arrest for this matter that he fled from jail in Coke County. Had he been arrested and placed in jail in that county for some other offense not connected with this transaction, his position would have been maintainable and should have been sustained.

There was also exception reserved to the manner of proving that the case was filed in the County Court. The papers it seems had disappeared and could not be located. This was shown only as a predicate for oral testimony. The pendency of the case was offered for the purpose of showing that flight was from the arrest for theft of this particular car. It was a relevant fact to connect his flight with his arrest in connection with the same theft.

There was objection urged to the introduction of the oral confession because there had been a written confession subsequent to the oral confession. We think this was without merit. The oral confession led to the finding of the auto, and in pursuance of it the auto was found. This written confession if in accordance with the statute, might have been introduced, but was not. We are of opinion that the fact the oral confession was made under the circumstances here detailed, would not be excluded because appellant had subsequently made a written confession.

There are some objections to the charge which we think are without merit, and as the record is presented to us we are of opinion the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*