## 10555

### STATE v. WILLIAMSON.

#### (105 S. E. 697.)

1. CRIMINAL LAW—DEFENDANT CHARGED WITH A CAPITAL FELONY ENTITLED TO PRESENCE OF WIFE AT TRIAL.—Ordinarily a defendant being tried for a capital felony has a right to have his wife present at the trial, and the wife has the right to be present.

2. CRIMINAL LAW—REFUSAL OF CONTINUANCE FOR ABSENCE OF WITNESS HELD ERROR.—In prosecution for murder, where insulting language by deceased to defendant's wife caused the difficulty that ended in the killing, and where defendant's wife was present at the time of the killing and was defendant's most material witness, and where the wife at the time of the trial was in a far-advanced condition of pregnancy, making it impossible for her to attend the trial and testify without subjecting herself to dangerous consequences, Court's refusal to continue trial for absence of wife *held* error.

Before CHAS. CARROLL SIMMS, special Judge, Bamberg, April, 1920. Reversed and new trial ordered.

R. O. Williamson indicted for the murder of W. H. Brabham. Upon conviction for manslaughter, the defendant appeals.

*Mr. Jas. E. Davis,* for appellant; *Dunlap & Dunlap* of Counsel. *Mr. Davis* cites: *Continuance should have been granted on account of sickness of defendant's wife, a material witness:*113 S. C. 91; 50 S. C. 403; ... *Comment of trial Judge on the facts improper:* 47 S. C. 489; 50 S. C. 161; 49 S. C. 488; 51 S. C. 453. *Testimony as to bad temper and violence of deceased should have been admitted:* 46 S. C. L. (12 Rich.) 430.

*Mr. R. L. Gunter, Solicitor,* for respondent, cites: *Motion for continuance addressed to the discretion of the Court and will not be reversed unless a clear case of abuse of discretion is made:* 56 S. C. 378; 66 S. C. 449; 79 S. C. 84; 88 S. C. 98; 33 S. C. 582. *To establish the plea of self-defense the deceased must not only believe himself in danger, but the circumstances must be such as would justify a man of ordinary firmness and discretion in entertaining such belief:* 32 S. C. 27; 59 S. C. 297; 71 S. C. 136; 76 S. C. 116. *Mere threats with no overt act, and no imminent danger, will not justify killing:* Bishop's New Crim. Law, vol. I, sec. 872; Wharton Crimes, sec. 1027; 32 S. C. 43. *General reputation for peace and order may be proven, but not specific acts:* 73 S. C. 257. *Illustrations to show how inferences may be drawn are not charges on the facts:* 82 S. C. 144; 79 S. C. 124.

January 31, 1921.

The opinion of the Court was delivered by Mr. Justice Watts.

The defendant was tried at a special term of Court for Bamberg county in 1920, the indictment being for murder,

and convicted of manslaughter, and duly sentenced by Hon. Chas. Carroll Simms, special Judge, and appeals and by five exceptions alleges error.

The first exception is:

"The Court erred in forcing the defendant to trial in the absence of Mrs. Williamson, the most material witness in the case on behalf of defendant, and that the ruling that her affidavit on the motion for trial was sufficient to protect the rights of the defendant."

The case had been continued at previous term of Court, but was not on motion of defendant, so for all purposes, practically, it was the first time that the case had been called for trial.

It is an uncontroverted fact that Mrs. Williamson was far advanced in pregnancy, and, according to the affidavit of her family physician, Dr. Fender, her attendance upon the trial might operate seriously upon her, and he gave as his opinion that it would be dangerous for her, in her condition, to attend this trial wherein she would have to testify. It is admitted that Mrs. Williamson was a most important witness for her husband; the killing of Bradham having occurred on account of alleged opprobrious language used to her by him a few days before the killing, this being the inception of the difficulty which led to the killing, and she was present and witnessed the homicide.

Ordinarily a person tried for a capital felony has a right to have his wife present at the trial, and the wife has the right to be present. In the instant case the wife could not be present by reason of physical incapacity. She was the most material witness her husband had. In a measure, she was the prime cause that led up to the difficulty that ended in the killing. She was present

and witnessed the killing. She knew as much, if not more, about it than any one else, from its inception to its end.

Mrs. Burnett was alleged to quote Mrs. Williamson by saying, "About that time Mrs. Williamson came out of her bedroom and came towards us and said he was going to kill Ham Bradham, and I looked up and saw a gun." Later on she says, "Mrs. Williamson said, 'Get your pistol and finish him; he is not dead yet.'" Mrs. Williamson had no chance to deny this; the only thing that his Honor had admitted was her affidavit made when application was made for bail. All of this was highly prejudicial to the defendant. His Honor was manifestly in error in not continuing the case, on showing made and under all of the facts and circumstances of the case, and this exception must be sustained and a new trial granted. It is unnecessary to consider the other exceptions.

New trial.

MR. JUSTICE GAGE did not participate.