## 12094

### STATE v. WORLEY

#### (135 S. E., 356)

1. CRIMINAL LAW.—That Sheriff was recently killed is no evidence that defendant in murder prosecution could not have fair trial, where feeling aroused was directed against slayer of Sheriff and not against defendant.

2. CRIMINAL LAW.—Motion for continuance rests in sound discretion of trial Judge.

3. CRIMINAL LAW.—Admitting photographs, even though incompetent, was harmless where witness testified to what photographs were introduced to show.

Before RICE, J., Aiken, May, 1926. Affirmed.

D. A. Worley was convicted of murder, and he appeals.

*Messrs. Frampton Toole* and *W. M. Smoak,* for appel-

NOTE: As to use of photographs in evidence, see notes in 35 L. R. A., 802; 51 L. R. A. (N. S.), 842.

On effect and conclusiveness of photographs as evidence, see note in 15 L. R. A. (N. S.), 1162; 10 R. C. L., 1153; 2 R. C. L. Supp., 1160; 4 R. C. L. Supp., 694; 6 R. C. L. Supp., 639.

lant, cite: *Appellate Court in capital case will take notice of any error appearing in records* 133 S. E., 457. *General feeling of hostility against supposed criminals ground for change of venue:* 93 S. C., 200; 133 S. E., 457. *Court, by its charge, cannot overcome general feeling of hostility to defendant:* 89 S. C., 313; 133 S. E., 457. *Feeling of hostility to supposed criminals existed at time of trial of case at bar:* 133 S. E., 457. *Circuit Judge to settle case for appeal:* 88 S., 557. *Public may be excluded where necessary to fair trial:* 91 S. C., 39. *Importance of conviction only according to law:* 120 S. C., 215; 117 S. C., 82. *Judicial discretion:* 117 S. C., 82. *Right of accused to trial in calm atmosphere:* 117 S. C., 82. *Due process of law:* 117 S. C., 85; Const. 1895, Art. 1, Sec. 5. *Right of defendant in capital case to have his wife present:* 115 S. C., 317. *Right of accused to produce witnesses in his favor:* Code Crim. Pro., 1922, Sec. 82. *Accused entitled to trial by impartial jury:* Const. 1895, Art. 1, Sec. 18. *Weight to be given photograph as evidence:* 15 L. R. A., 1164; 35 L. R. A., 803; 78 Minn., 110; 80 N. W., 855; 188 Pa., 496; 68 A. S. R., 833; 41 A., 617; Wigmore on Ev., Sec. 792; 5 Green Bag, 62. *Fidelity of photograph to be established by evidence:* 16 Ohio C. C., 386; 9 Ohio C. D., 273; 60 N. J. L., 49; 37 A., 443; 35 L. R. A., 803. *Proper use of photographs as evidence:* 160 Mass., 403; 36 N. E., 60; 47 L. R. A., 693. *Photographs excluded from evidence for unfair prejudice:* Wigmore on Ev., Secs. 792, 1157, 1863 and 1904. Improper attempts to prejudice the jury: 107 S. C., 488; 93 S. E., 139; Wigmore on Ev., Sec. 1904. *Photographs are secondary evidence:* 60 N. J. L., 49; 37 A., 423; 7 Pa., Dist. R., 321; 47 Tex., 503; 26 Am. Rep., 315. *Photographs as hearsay testimony:* 46 S. C., 60. *Photograph is merely an illustration of testimony:* 152 Mo., 317; 75 A. S. R., 462; 53 S. W., 921 *Improperly admitted testimony may have detrimental cumulative effect, though the substance of it was properly*

*testified to by others:* 125 S. C., 439. *Accused entitled to
impartial trial:* 131 S. E., 603. *Where each of two men
have threatened the other, duty of each to avoid trouble:*
113 S. C., 134. *Manslaughter:* 79 S. C., 240. *Legal
provocation:* 79 S. C., 240; 21 Cyc., 755 and 758.

*Mr. B. D. Carter, Solicitor,* for respondent, cites: *Ob-
jections not made to admission of testimony deemed waived:*
129 S. C., 200. *Admissibility of photographs when au-
thenticated by witness:* 57 S. C., 448; 46 S. C., 59; 40
S. C., 144. *Motions for continuance addressed to discre-
tion of Court:* 88 S. C., 98; 84 S. C., 574; 78 S. C., 264;
48 S. C., 5. *Rejections of jurors by accused governed by
statute:* 46 S. C., 58.

November 1, 1926.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

"The appellant, D. A. Worley, was indicted at the reg-
ular term of the Court of General Session for Aiken
County in May, 1925, the indictment charging him with
murder, alleged to have been committed on April 4, 1925.
The case was tried before his Honor, H. F. Rice, pre-
siding Judge, and a jury, at the said term of the Court on the
15th day of May, and resulted in a verdict of guilty, with
recommendation for mercy, and after refusing a motion
of the defendant made on the minutes of the Court for a
new trial, the defendant was sentenced to life imprison-
ment."

The exceptions are four in number. The appellant thus
states the questions involved:

"This is an appeal by the defendant from the orders,
rulings, and judgment of the Court in the case of *State v.
D. A. Worley,* charged with murder on April 4, 1925.

"The propositions raised by this appeal may be gen-
erally stated as follows:

"(1) Overruling several motions made on various grounds for a continuance of the case, and refusing to set aside the verdict and grant a new trial.

"(2) The admission of hearsay testimony and photographs of a prejudicial nature in evidence.

"(3) A total failure of proof of murder.

"(4) Excluding competent evidence adduced, when jury was out of courtroom, and failing to have same read to jury.

"(5) Other relevant questions connected with the foregoing propositions, as set forth in the exceptions, printed in the transcript of the record."

There is no doubt that the defendant killed the deceased and relied on the plea of self-defense. His wife was present during the trial and was a witness in behalf of her husband and testified in his behalf. It does not come in the provisions as laid down in *State v. Williamson,* 115 S. C., 317; 105 S. E., 697. The fact that Sheriff Howard had been recently killed was not any evidence that the defendant could not get a fair trial, as the feeling aroused by his killing was not directed against the defendant but the slayer of the Sheriff.

No motion was made to change the venue on the ground that defendant could not obtain a fair trial.

The motion for a continuance in any case must rest in the sound discretion of the Judge, and we see no abuse on the part of his Honor in this case.

We see no error as complained of as to admission of testimony and photographs.

The photographs were admitted for what they were worth the same as the deceased's clothes could have been put in evidence. Yet, conceding that it was inadmissible, it was harmless because Dr. Wyman testified to what the photographs were introduced to show.

There was ample proof to sustain the verdict, and we see no error at all as complained of by the exceptions.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES BLEASE and STABLER and MR. ACT-ING ASSOCIATE JUSTICE C. J. RAMAGE concur.

MR. JUSTICE COTHRAN concurs in result.

MR. CHIEF JUSTICE GARY did not participate.