18 So.2d 392

**FLOYD v. STATE.**

4 Div. 326.

Supreme Court of Alabama.

May 18, 1944.

Rehearing Denied June 22, 1944.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

THOMAS, Justice.

The indictment, trial and conviction were for murder in the first degree and the punishment was fixed at death as prescribed by statute.

The record presents no question for decision. Vernon v. State, Ala.Sup., 18 So.2d 388;[1] Snyder v. Com. of Mass., 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674, 90 A.L.R. 575.

Appellant contends that the court erred in overruling his objections to the shirt and undershirt of deceased being exhibited before the jury. In this state the rule governing the admissibility of wearing apparel of both deceased and accused was recently restated in the case of Teague v. State of Alabama, ante, p. 339, 16 So.2d 877, 879, upholding the long prevailing rule, as follows:

[1] Ante, p. 633.

"The clothing of deceased, as well as that of the accused, are usually held admissible on trials of homicide. If tending to elucidate the transaction, to identify any of the parties, to connect the accused with the crime, or to show the character of the wound, motive or intent of the killing or degree of the crime, whether the killing was in self-defense or not, they are admissible. If such objects tend to corroborate or disprove, illustrate or elucidate any other evidence, they are admissible, though such evidence may have a tendency to bias or prejudice the jury, to elicit their sympathy for, or animosity toward either the deceased or the accused. Rollings v. State, 160 Ala. 82, 49 So. 329; Whitaker v. State, 106 Ala. 30, 17 So. 456; Curtis v. State, 118 Ala. 125, 24 So. 111; McCormack v. State, 102 Ala. 156, 161, 15 So. 438; Gassenheimer v. State, 52 Ala. 313; Campbell v. State, 23 Ala. 44."

As to the clothing of the deceased being exhibited, it should be observed that each of these articles tended to elucidate the relevant facts of the issue. The material inquiry was the position and location of the wounds on the body of the deceased and how they were inflicted by the defendant. Appellant insists that there was no conflict in the evidence as to the position of the wounds on the body of the deceased. However, the record tended to show that the defendant grabbed deceased from the back with his left arm around him, and cut him with his right hand. While evidence for the defendant tended to show that defendant never had his hands on the body of deceased but that deceased approached the defendant in a hostile manner and hit defendant with a closed knife, knocking him down and then the fatal wound was inflicted. Thus the wearing apparel introduced in evidence or exhibited before the jury was relevant, tending to corroborate the state's evidence that the defendant grabbed deceased from the back with his left hand and wielded the knife with his right hand. It is undisputed that the defendant used his right hand in cutting deceased. The wounds on the body of the deceased were such as the jury may reasonably infer they had been placed there in that way and could not have been so placed if defendant had been facing deceased and cut him with his right hand, as his testimony tended to show.

There is no reversible error presented in the admission of rebuttal testimony as to the source of blood on defendant when he was arrested and when he reached the police station. It is established that the admission or rejection of rebuttal evidence is largely in the sound discretion of the trial court. Caldwell v. State, 203 Ala. 412, 84 So. 272; Jackson v. State, 167 Ala. 44, 52 So. 835; Braham v. State, 143 Ala. 28, 38 So. 919.

The State of Alabama is free to regulate the procedure of its courts in accordance with its own conception of policy and fairness unless in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. Vernon v. State, supra; Snyder v. Com. of Mass., 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674, 90 A.L.R. 575, and cases cited.

The conflicting tendencies in the evidence warranted the refusal of the general affirmative charge on murder in the first degree requested by defendant. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; 6 Alabama Digest, Criminal Law, 753(2).

There is no error in the record, and the judgment of conviction must be affirmed.

The date for the execution of the sentence of the law on this defendant having expired pending this appeal, the date for the execution of such sentence is hereby fixed by the Supreme Court of Alabama for Friday, the 7th day of July, 1944, A.D.

Affirmed. Date of execution set for July 7, 1944.

GARDNER, C. J., and BROWN, FOSTER, and STAKELY, JJ., concur.