20 So.2d 239

### TAYLOR v. STATE.
#### 4 Div. 847.

Court of Appeals of Alabama.
Dec. 19, 1944.

---

[1] Ante, p. 101.

Ralph A. Clark and C. B. Fuller, both of Andalusia, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

CARR, Judge.

The indictment in this case charges appellant with murder in the second degree.

There was a conviction of manslaughter in the first degree.

Appellant and deceased, John Davis, lived in the same neighborhood. On the afternoon of the night of the alleged homicide the two left Opp, Alabama, for home in the former's one-horse wagon.

According to the testimony of appellant, after dark, about 7 p. m., they reached a junction in the highway where a road led off to the dwelling of the deceased. At this place, a dispute arose over the insistence of deceased that he be carried all the way to his residence and appellant's urgency that he did not have time to make the additional journey. Deceased began cursing and threatening to kill the defendant, and the disagreement reached a climax when deceased, in an attempt to cut appellant with a pocket knife, did cut his shirt and sweater. The affray continued from the wagon seat to the ground, where deceased still persisted in his assault. It was at this time that appellant, by the use of his pocket knife, cut at the deceased but did not know whether or not he, in fact, inflicted any wounds. A short time later, Mr. Davis was discovered in a ditch by the side of the road with three stab wounds in the front of his body, two in the back and some lacerations on his arm and inside one of his hands. He died before any one reached him. Immediately after the difficulty, appellant went home and was arrested soon thereafter. The officers found him in bed. With the exception of the two participants, no one was present or saw the encounter.

The sheriff testified with reference to the contents of two statements alleged to have been made by appellant, one at the time of the arrest and another while en route from the scene of the homicide to Opp. At the former time, appellant stated "that he had had trouble with Mr. Davis and cut him." On the latter occasion, he said "he cut him but didn't know he killed him."

It was brought out on the cross-examination of the sheriff that when they reached Opp appellant was forthwith taken to the office of the solicitor. There the defendant made substantially the same statement he had made theretofore to the sheriff, and it was reduced to writing. When this was developed in the testimony, counsel for appellant moved to exclude the two statements above quoted on the ground that the same were in writing and therefore the writing was the best evidence.

Clearly, this point is not well taken. The fact that appellant subsequently made a reaffirmation of an oral confession and the latter was put in writing would not render inadmissible, for this lone reason, the prior confession. The evidence sought to be obtained in the instant inquiry was the contents of the oral statements made to the sheriff by the appellant before they reached the solicitor's office. The refusal of the court to exclude the statements was obviously correct. 6 Ala.Digest, Criminal Law, ⊙⟶531.

The cases of Shelton v. State, 217 Ala. 465, 117 So. 8; Garner v. State, 26 Ala. App. 246, 158 So. 543, and Dodd v. State, 26 Ala.App. 367, 160 So. 267, cited by appellant's counsel, are without value as authorities in support of the insistence here made.

The Shelton case merely holds that the fact a confession has been reduced to writing by another person presents no objection to its admissibility.

We quote from a headnote in the Garner case: "In embezzlement prosecution, testimony of expert accountant based on report made by him of audit of books of city was improperly admitted because hearsay where books were not in evidence and were not equally accessible to both parties."

In the Dodd case, the court held that a statement signed by the defendant, conflicting with his testimony on the main trial, was admissible.

State's witness, Mrs. Merritt, who lived in the immediate community, testified that appellant came to her house soon after the homicide and there voluntarily stated "that he had had a little trouble and that he had killed Mr. Davis and he said if he had a gun he would go back up there and blow his brains out."

The court overruled a motion of counsel for appellant to exclude "what he would do."

We do not wish to be understood as holding the motion to exclude is sufficiently certain, but to avoid being technical we will review the matter nevertheless.

We are of the opinion that the statement taken in its entirety includes the voluntary acknowledgment of the guilt of the accused of the offense charged and no part of it should have been taken from the consideration of the jury. Scott v. State, 211

Ala. 270, 100 So. 211; Mathews v. State, 136 Ala. 47, 33 So. 338.

The body of the decedent was discovered about 50 or 60 yards from the dwelling of State witness, J. A. Jowers. Mr. Jowers testified that, from the vantage of his home, about thirty minutes prior to the time he saw the body in the ditch, he heard a voice "out there." The witness stated also that he had known Mr. Davis for about five years. During this period, he had talked with him from time to time and had become familiar with the tone and sound of his voice.

On direct examination the record discloses:

"Q. Well, did you hear Mr. Davis' voice there that night? A. After I got out there I recognized then that it was Mr. Davis' voice."

"Q. Your judgment was that it was his voice that you heard? A. In my best judgment it was.

"Q. What did the voice say?"

The court sustained objection to this last question.

The witness was recalled, and we find:

"Q. Mr. Jowers, I believe you testified awhile ago that you heard a voice out there close to your house, which, in your judgment, was that of Mr. Davis on the night he was killed, is that right? A. Yes.

"Q. After you heard that voice how long, in your best judgment, was it before you first went out there. * * * Give your best judgment. A. To the best of my judgment something like thirty minutes. I had dropped off to sleep, not realizing anything of the kind and hearing no rash talk.

"Q. In your best judgment it was thirty minutes? A. Yes."

"Q. Mr. Jowers, will you please tell the jury what you heard Mr. Davis say?"

Over the objections of appellant's counsel, the witness answered:

"A. First I recognized hearing he said, 'Oh! Hold on! Stop! Quit!' Then he said, 'Oh, oh, oh,' and got lower."

The court overruled a motion to exclude the statement. On cross-examination the witness answered:

"Q. You are positive that that was Mr. Davis's voice that you heard out there that night? A. At that time I didn't see nobody understand, but after I got out there and seen Mr. Davis, as I had heard him talk, I felt pretty sure it was Mr. Davis' voice.

"Q. That is what made you think it was Mr. Davis' voice because you saw him out there later? A. Yes, I saw him later.

"Q. You didn't recognize that voice at the time as being Mr. Davis' voice? A. Oh, no, no, I thought it was some boys rasseling or tussling."

Counsel for appellant at this place in the proceedings made a motion to exclude the statement, which motion the court overruled.

◼◼ We find no difficulty in reaching the conclusion that testimony is admissible to establish identity by one who is familiar with the voice of the person sought to be identified—and it is not to be considered as a circumstance, but proof positive of the fact, and its probative value is a question for the jury to determine. In this view we are supported by a long list of well-considered authorities. Among them are: Orr v. State, 225 Ala. 642, 144 So. 867; Way v. State, 155 Ala. 52, 46 So. 273; 20 Am.Jur., Sec. 351, p. 326; Penington et al. v. State, 91 Fla. 446, 107 So. 331; Mack v. State, 54 Fla. 55, 44 So. 706, 13 L.R.A.,N.S., 373, 14 Ann.Cas. 78; State v. Vanella, 40 Mont. 326, 106 P. 364, 20 Ann. Cas. 398; Froding et al. v. State, 125 Neb. 322, 250 N.W. 91.

It is not required for the admissibility of the evidence that the witness be positive in identification. In Way v. State, supra [155 Ala. 52, 46 So. 277], the court held: "A motion was made to exclude the answer, which was overruled. In this there was no error. The witness may not have recognized the voice—that is to say, have known positively whose voice it was—yet it was permissible for her to testify her best judgment, having previously been with defendant and heard him talk."

There was no error in overruling objections to the question on direct examination of Mr. Jowers.

In further consideration of this instant inquiry, we are faced with the explanation of witness Jowers on his cross-examination set out above, and we are called upon to review the action of the trial court in overruling the motion to exclude the statement to which the motion is directed.

We take the view that the merits of the motion should not be narrowed in our consideration solely within the limits of

whether or not the witness did identify the voice as that of Mr. Davis in keeping with the authorities just above cited. Undisputedly, the outcry was made at or about the time and place of the homicide. If the theory of the State relating to the circumstances of the homicide was to be accepted, the jury could reasonably infer that a man who was being assaulted and severely cut would make such an utterance. It was not an isolated, remote, disconnected incident. It was referable to all the evidence developed up to the time of its offer. The propriety of the trial judge to grant the motion would have had to rest on the conclusion that there was no logical tendency in the evidence to prove the facts in issue. Powell v. State, 5 Ala.App. 75, 59 So. 530.

"The test of the relevancy of evidence [in criminal cases] is whether it 'conduces to the proof of a pertinent hypothesis; a pertinent hypothesis being one, which if sustained, would logically influence the issue.'" Whitaker v. State, 106 Ala. 30, 17 So. 456.

We are of the opinion that the lower court committed no error here.

[6] As a witness in his own behalf, appellant stated that he had consumed, in the way of intoxicants, only one bottle of beer after he left Opp. In rebuttal, over objections, the court permitted the sheriff to testify that defendant was under the influence of intoxicants at the time of the arrest. In this ruling there was no error. Jackson v. State, 167 Ala. 44, 52 So. 835; Braham v. State, 143 Ala. 28, 38 So. 919; Heninburg v. State, 151 Ala. 26, 43 So. 959; Floyd v. State, 245 Ala. 646, 18 So.2d 392.

The sheriff went to the scene of the homicide before the dead body was removed. He there searched the pockets of the deceased and the premises thereabout in an effort to find a pocket knife. Against objections, the sheriff, when called in rebuttal, answered that he did not find a knife. Appellant had testified that the decedent made an effort to cut him with a pocket knife. Clearly, the State could show, in rebuttal of this statement, that shortly after the homicide and before the body was removed an unsuccessful effort was made to find the decedent's knife. Whether or not it was in fact used and in his quest the sheriff failed to find it was for the jury to decide. The trial court was well within his discretionary rights to allow this answer on rebuttal. Authorities just above.

Appellant's counsel in his well prepared brief urges that the motion for a new trial should have been granted or the general affirmative charge should have been given in appellant's behalf, because the evidence proves without dispute that the defendant acted in self-defense as the law defines that doctrine.

It would not add any value to this opinion to discuss these insistences. Similar questions are often before the appellate courts, and the rules appertaining have been many times expressed. It is a legal truism that the oral testimony of the witness must be considered in connection with the proven physical facts.

In our opinion the primary court committed no error in refusing the general affirmative charge for defendant, nor in overruling the motion for a new trial. Cole v. Propst, 119 Ala. 99, 24 So. 884; Stearns v. State, 4 Ala.App. 154, 58 So. 124; Davis et al v. State, 29 Ala.App. 421, 198 So. 153, certiorari denied 240 Ala. 160, 198 So. 155; Smith v. State, 23 Ala. App. 488, 128 So. 358, certiorari denied 221 Ala. 217, 128 So. 359.

The judgment of the lower court is due to be affirmed, and it is so ordered.

Affirmed.