17027

THE STATE, Respondent, v. JAMES EUGENE SMITH, Appellant
(88 S. E. (2d) 345)

*James P. Nickles, Esq.,* of Abbeville, *for Appellant,*

*William T. Jones, Esq., Solicitor,* of Greenwood, *for Respondent.*

July 11, 1955.

TAYLOR, Justice.

Appellant, James Eugene Smith, was tried and convicted of the crime of murder and sentenced to death at the June, 1953, Term of the Court of General Sessions for Abbeville County. A motion for a new trial was duly made and granted by order of the Honorable Steve C. Griffith, dated July 31, 1953. The case was again called for trial at the September, 1953, Term of General Sessions Court for Abbeville County, resulting in appellant being again convicted as charged and sentenced to death, and he now appeals contending that the trial Court erred in refusing to grant a continuance on the ground that two duly subpoenaed witnesses (one appellant's wife) could not be produced at the trial.

Approximately one week before the trial, appellant's wife, Olivia Smith, was duly subpoenaed as a defense witness, but left the state of her own volition and did not appear at the time of trial, giving as her reason that she lacked funds necessary to make the trip back. In *State v. Williamson,* 115 S. C. 315, 105 S. E. 697, it was held that "Ordinarily a person tried for a capital felony has a right to have his wife present at the trial, and the wife has the right to be present. In the instant case the wife could not be present by reason of physical incapacity. She was the most material witness her husband had. In a measure, she was the prime cause that led up to the difficulty that ended in the killing." In this case the wife was here and available when she was subpoenaed by the Sheriff one week before trial; she therefore had notice, yet she chose to leave the state. Ordinarily one so charged has the right to have his

wife with him at the time of trial, but we know of no law compelling her to do so as a wife. If it be mandatory that a continuance be granted one charged with a capital felony because of his wife being in another state, under the circumstances here, one so charged could send his wife to a distant state and avoid trial. There is no showing to the effect that her testimony was material to the defense of her husband; therefore, it was proper to refuse the motion. *State v. Smith*, 56 S. C. 378, 34 S. E. 657. The other absent witness was one Robinson who left the county after the first trial, and there was no showing that he was a material witness. Therefore, we are of the opinion that there was no error in refusing the requested continuance under *State v. Smith, supra.*

Appellant also imputes error in admitting testimony of an oral confession "made by the defendant on Sunday, the day before defendant repeated said oral confession before County of Abbeville Officers, and State Constabulary Officers, and signed the same in the presence of his wife, * * *."

We are not aware of any decisions of this Court upon this precise point, and none have been cited by counsel, but decisions of other jurisdictions are of value in arriving at our conclusion.

In *State v. Branham,* 13 S. C. 389, this Court used the following language relative to parole evidence as to the contents of a written confession:

"When confessions are taken by a trial justice, in writing, signed by the parties, such evidence is the best evidence upon the subject, and if such confessions are relied upon against them the defendants are entitled to have them produced in the very terms in which they were made. From the infirmity of memory there is always more or less uncertainty about parol testimony, especially in reference to declarations— mere spoken words. Even in civil cases the rule is that parol testimony is not admissible to explain, vary or add to written instruments, which must speak for themselves. In crim-

inal proceedings there is even more reason that only the best and most reliable evidence should be allowed. There may have been in the written confessions some qualifications or explanations, and, we think, when demanded by the defendants, they should have been offered. It was error to receive parol testimony of confessions made in writing where there was no obstacle in the way of the written confessions being offered."

In the instant case, the oral confession was made on Sunday and the written one on Monday with some variations appearing between the two, which differentiates the *Branham case, supra,* from the one at bar.

Referring to the holdings of other Courts, we find the following relative to the question before us.

*State v. Favorito,* 115 N. J. L. 197, 178 A. 765, 768, 1935:

"The sixth point is that 'it was error for the trial court to permit the witness * * * to relate an alleged confession by the defendant.'

"We find no error here. This confession was made to a police officer *several hours* after the confession taken down by the stenographer, hereinbefore referred to, was made and completed." (Italics supplied.)

"The sole objection urged to the admission of the later confession now in question is that proof of the prior confession precluded the proof of the later confession made several hours afterwards. But that argument is fallacious. The fact that the accused made a confession which was taken down by a stenographer does not render incompetent oral evidence by the State of another confession made at another time." *State v. Wells,* 1 N. J. L. 424, 1 Am. Dec. 211. (Ialics added.)

*Commonwealth v. Dower,* 4 Allen, Mass., 297, January, 1862:

"The objections taken to the admission of the statements made by the prisoner to various persons in relation to the

cause of the death of Mrs. Wilkins and the means through which it might have occurred, cannot be sustained. *The fact that the prisoner had been interrogated concerning the same matter at a different time before a coroner's jury, and her answers under oath taken in writing, affords no sufficient reason for excluding, as incompetent evidence, other statements made by her at other times.*" (Italics added.)

Headnote: "Although the testimony of a prisoner charged with murder was taken in writing before the coroner's jury, her oral confessions at other times are competent evidence."

*Litkofsky v. United States,* 2 Cir., 9 F. (2d) 877, 880:

"It is argued that the court committed error in permitting one of the government's witnesses to *state orally the contents of confessions made by the plaintiffs in error. This was supplemented later by written statements. This was permissible.*" *Ingram v. United States,* 10 Cir., 5 F. (2d) 940, Wigmore on Evidence No. 18, 185. (Italics added.)

*Torrence v. State,* 85 Tex. Cr. R. 310, 212 S. W. 957, 959:

"*There was objection urged to the introduction of the oral confession because there had been a written confession subsequent to the oral confession. We think this was without merit.* The oral confession led to the finding of the auto, and in pursuance of it the auto was found. * * * *We are of opinion that the fact the oral confession was made under the circumstances here detailed would not be excluded because appellant had subsequently made a written confession.*" (Italics added.)

*Taylor v. State,* 1944, 31 Ala. App. 590, 20 So. (2d) 239, 240:

"It was brought out on the cross examination of the sheriff that when they reached Opp appellant was forthwith taken to the office of the solicitor. *There the defendant made substantially the same statement he had made theretofore to the sheriff, and it was reduced to writing. When this was developed in the testimony, counsel for appellant*

*moved to exclude the two statements \* \* \* on the ground that the same were in writing and therefore the writing was the best evidence. Clearly, this point is not well taken. The fact that appellant subsequently made a reaffirmation of an oral confession and the latter was put in writing would not render inadmissible, for this lone reason, the prior confession. The evidence sought to be obtained in the instant inquiry was the contents of the oral statements made to the sheriff by the appellant before they reached the solicitor's office."* (Italics added.)

A confession or confessions may partake of many ▮ forms such as a statement of one's own part in the crime, a series of questions and answers or a letter or letters to one or more persons, or it may consist of detached conversations with many people; it may be a formal confession or all of these together so long as they come direct from the one charged with the commission of the crime. 22 C. J. S., Criminal Law, § 816, p. 1422, and in the event that there are several confessions relating to the same subject matter all are admissible, provided of course they are all voluntary, 20 Am. Jur. 486, page 424, and such confessions made on different occasions may be proven even though one is at variance with the other, 22 C. J. S., Criminal Law, § 817(6), p. 1436. See also 22 C. J. S., Criminal Law, § 833. This question must therefore be resolved against the contention of appellant.

The next question is whether or not it was error for the trial judge to charge:

"You may take into consideration whether or not there has been any contradiction of the testimony of one witness by that of another witness as to any known or proven fact in the case. Likewise, you shall take into consideration whether or not there has been any corroboration of any testimony of any witness by the testimony of any other witness or witnesses who have testified in the case as to any known or proven fact, or admitted fact, in the case."

It will be noted that in the above quoted portion of the charge, the word *may* was used with reference to whether or not there had been any *contradiction* of any of testimony by the testimony of any other witness, and the word *shall* was used as to whether or not there had been any *corroboration* of any of the testimony by the testimony of any other witness. It therefore was *permissive* for the jury to consider whether or not there had been any *contradiction,* but *mandatory* that they take into consideration whether or not there had been any *corroboration.*

In a very recent decision of this Court in the case of *State v. Fuller,* S. C., 87 S. E. (2d) 287, 293, this Court disapproved the following language as invading the province of the jury in violation of Art. 5, Sec. 26, of the South Carolina Constitution of 1895, in that it amounts to a charge upon the facts:

" 'Take into consideration whether or not there has been any contradiction of any material evidence or testimony given by any witness by the testimony of any other witness. Likewise, *take into consideration whether or not there has been any corroboration of the testimony of any witness by that of any other witness*' ".

Fuller did not take the stand and this Court held it was error to charge the jury to " 'take into consideration whether or not there has been any contradiction of any material evidence or testimony given by any witness by the testimony of any other witness' ", such instruction being susceptible of the construction that the jury's attention was invited to the fact that the defendant had failed to testify on his own behalf and in contradiction to the State's testimony. In the instant case, the defendant (appellant here) did testify in his own behalf but having no other witness was without corroboration, while the State presented sixteen witnesses with these being recalled to the stand a total of twenty-two times for the purpose of corroboration or contradiction of various portions of the evidence.

A diligent search reveals that only the states of Arkansas and Idaho have approved charges which are in any wise similar to that in the instant case. In *Moore v. State,* 175 Ark., 391, 299 S. W. 386, 388, the Supreme Court of Arkansas approved the following language:

The jury was instructed: "* * * you are the exclusive judge of the evidence and of the credibility of the witnesses and the weight to be given to their testimony. If you believe any witness has willfully sworn falsely to any part of his testimony, you may consider such part of his testimony as you believe to be true and disregard such parts as you do not believe to be true. And, in considering the weight that should be given to the testimony of any witness, you may take into consideration his manner of testifying, his intelligence, his means of knowing the facts to which he testifies, his interest, if any, in the prosecution or defense, the reasonableness or unreasonableness of his testimony, and also whether he is contradicted or corroborated by other facts proven in the case.' "

In approving the foregoing, the Court stated:

"A general objection was urged to the above instruction in the court below, and a special objection is insisted upon here to the concluding words of the instruction as follows: 'And also whether he is contradicted or corroborated by other facts proven in the case.' The instruction was general in terms and applied to the testimony of any witness in the case. It did not single out the defendant and make the language complained of apply only to him. It is a sound principle of law to say that the jury, in weighing the evidence and passing on the credibility of witnesses, may consider whether the testimony of any witness is contradicted or corroborated, as the case may be, by other proven facts in the case. The jury should not be deprived of any proper rule or standard that may enable them to determine whether or not the testimony of any witness is credible, for this is a subject within their exclusive province."

In *State v. Farnsworth,* 51 Idaho 768, 10 P. (2d) 295, 296, the Supreme Court of Idaho approved a charge which contained the following language:

"[The] jury could consider the conduct of the witnesses on the witness stand, the nature of the testimony given by them, to what extent, if any, they were corroborated or contradicted by other testimony".

In *China v. City of Sumter,* 51 S. C. 453, 29 S. E. 206, 209, this Court used the following language which is apropos to the question under consideration:

"It is contended, however, that this error was obviated by the fact that the circuit judge in several other portions of his charge told the jury that all the questions of fact were exclusively for them. But this view cannot be accepted, for if, as we have seen, the real object of this constitutional provision was to leave all questions to the jury to be decided according to their own judgment, unbiased by any expression, or even intimations, of opinion from the judge, it is manifest that such object would be defeated if a circuit judge should be allowed to express his own opinion upon any material question of fact, and then undertake to wipe out the impression made upon the minds of the jury by telling them that all questions of fact were for them. The impression having been once made, it would be very difficult, if not impossible, thus to obliterate it, and the result would be that the jury would be more or less influenced by an opinion coming from so high a source as an intelligent judge, whose mind had been trained to weigh testimony, and determine its force and effect, and thus the very object of the constitutional provision—to preserve the minds of the jury from being in any way influenced by the opinion of the judge as to a question of fact—would be defeated."

It is therefore clear that while a charge must be considered as a whole, an erroneous charge will not be cured by it being stated that all questions of fact are exclusively for the jury, as the real objective of the

constitutional provision against charging on the facts is to leave all questions of fact to the jury to be decided according to their own judgment, unbiased by an expression or even intimation of any opinion from the judge.

In the *Fuller case, supra,* this Court rejected the reasoning in the Arkansas and Idaho cases and in doing so stated:

"Proper evaluation of the portion of the charge to which exception is taken requires also that we view it in the light of the circumstances of the trial (with regard to corroboration or contradiction of witnesses) in which it was received, and presumably considered, by the jury."

It is well settled that all questions of fact are for the jury. While it is the duty of the Judge to rule on the admissibility of the evidence, the weight of the evidence is entirely for the jury; and it is the jury's duty to weigh such evidence and determine what the facts are from the testimony as it is heard from the witnesses on the stand. Hence, the jury must necessarily pass upon the credibility of the witnesses; and, in doing so, it may take into consideration the witnesses' opportunities for observation and knowledge of the matters concerning which they have testified and any prejudice or bias such witnesses may have, their demeanor on the stand, in fact, anything which in the jury's good judgment tends to show whether or not the witnesses are telling the truth, the object being to find the truth whether it comes from a witness for the prosecution or the defense. The jury may believe one witness and disbelieve another, may believe one portion of a witness' testimony and disregard another portion of such testimony. Having determined the credibility of the witnesses and having concluded what the facts are in the case, it is the jury's duty to apply the law as charged by the Court to the facts as determined by it and thus arrive at its verdict. *State v. Nelson,* 192 S. C. 422, 7 S. E. (2d) 72; *Ex parte Nimmer,* 212 S. C. 311, 47 S. E. (2d) 716; *State v. Shields,* 217 S. C. 496, 61 S. E. (2d) 56.

It is impossible to say just what effect the related  portion of the charge had upon the jury, but it must be assumed that it was not disregarded. We are, therefore, of the opinion that the sentence should be set aside and the case remanded to the Court of General Sessions for Abbeville County for a new trial; and it is so ordered. Reversed.

BAKER, C. J., and STUKES, OXNER and LEGGE, JJ., concur.