PEARSON, Judge.
An information was preferred against the appellant accusing him of the crime of second degree murder. He entered a plea of not guilty and was tried before a jury. He was found guilty, adjudged, and sentenced to life in prison. He presents three points for reversal. The first two points challenge the sufficiency of the evidence to support the conviction and will therefore be considered together. The first point urges that the trial court erred in allowing the testimony of a detective who transported the appellant back to Florida from Kentucky where he was apprehended. This detective testified as to statements made by the appellant which severely damaged the appellant’s position at trial. Appellant does not urge that his conversations with the officer were inadmissible because they were involuntary, or because they were given without proper warning or opportunity to be represented by counsel. In other words, the objection is not predicated on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but is rather based upon an argument that inasmuch as the court found a *856 written confession inadmissible, the facts contained in the written confession could not be proved by oral statement. Appellant cites no authority in support of this proposition. He suggests that Bates v. State, 78 Fla. 672, 84 So. 373 (1919), may be helpful. We have examined the cited case and find that no portion of it is applicable to the argument presented. The written statement was not admitted because of the State’s inability to produce the stenographer who took the statement. No duress or inducement was suggested. The oral statements testified to by the officer were made at another time and place. The proper rule as we understand it is set forth in State v. Smith, 227 S.C. 400, 88 S.E.2d 345, 348 (1955), and Taylor v. State, 31 Ala.App. 590, 20 So.2d 239 (1944).
The other point urges that the State did not present evidence that the appellant was present, aiding and abetting the killing by the actual perpetrator, and participating in the felonious design. See Leavine v. State, 109 Fla. 447, 147 So. 897 (1933). The record does not support appellant’s point. There is evidence that appellant and another discussed a robbery, and that it was agreed the other person would hold the gun and that appellant would go through the victim’s pockets. When the actual crime was committed, the holder of the gun shot the victim, the victim later dying. Under these circumstances, the full intent and knowledge of the appellant was established.
Appellant’s third point urges that the appellant’s conviction should be reversed because the State knowingly used perjured testimony. The robber who actually pulled the trigger and killed the victim was Willie James Dennis. He testified against the appellant at the trial. The record reveals that Dennis was a very unreliable witness. He told conflicting stories on the stand. There is an indication in the record that the State was surprised by the conflicting stories that Dennis told.[1] Under these circumstances, we hold that the use of Dennis’ testimony does not constitute the use of perjured testimony as described in Cash v. State, Fla.App.1968, 207 So.2d 18.
Affirmed.

. The State had made a deal with Dennis, which was revealed to the jury, that in return for his testimony he would be allowed to plead guilty to manslaughter and receive an eighteen year sentence.