### BRADLEY v. STATE.   (7 Div. 912.)

(Court of Appeals of Alabama. Feb. 12, 1924.)

**1. Indictment and information ⬤═══110(31)—Counts charging manufacture, possession of still, etc., in words of statute, held sufficient.**

Counts charging manufacture of prohibited liquors, possession of a still, etc., in the words of the statute, *held* sufficient.

**2. Criminal law ⬤═══511(1)—"Corroborate" defined.**

"Corroborate" means to strengthen, not necessarily the proof of any particular fact to which an accomplice has testified, but the probative, criminating force of his testimony.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Corroborate—Corroboration.]

**3. Criminal law ⬤═══511(4)—Testimony of accomplices held sufficiently corroborated.**

The finding of part of a still and a quantity of whisky on defendant's premises, together with evidence of a path from the still, through defendant's pasture, to his barn, *held* sufficient corroboration of the testimony of accomplices to authorize conviction of manufacturing prohibited liquors, possessing a still, etc.

**4. Intoxicating liquors ⬤═══238(1)—General charge for defendant properly refused.**

In a prosecution for manufacturing prohibited liquors, possessing a still, etc., where the evidence was conflicting and sufficient to justify conviction, the general charge for defendant was properly refused.

Appeal from Circuit Court, Dekalb County; W. W. Haralson, Judge.

───────────────────────────────

⬤═══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harley Bradley was convicted of violating the prohibition law, and appeals. Affirmed.

C. A. Wolfes, of Ft. Payne, for appellant.

The testimony of the accomplices was not sufficiently corroborated to justify a conviction of defendant. Thompkins v. State, 7 Ala. App. 140; 61 South. 479; Wallis v. State, 18 Ala. App. 108, 90 South. 35; Marler v. State, 67 Ala. 55, 42 Am. Rep. 95; Gay v. State, ante, p. 238, 96 South. 646.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. [1] The indictment contained two counts. The first count charged the manufacture of prohibited liquors; the second count charged the possession of a still, etc. Both counts were in the words of the statute and were sufficient. There was a general verdict of guilt.

The evidence for the state was directed to showing that a still was found about a quarter of a mile from the defendant's home. A trail led from the still in the direction of defendant's house, and also in the direction of his father's (Arch Bradley's) house. The trail led by the side of defendant's pasture, crossed the fence, led through the pasture to his barn, and there was a passageway between his barn and his house. The still was of copper, of 20 or 25 gallon capacity, and there were found at the still 9 barrels of beer, some meal, a food chopper, an axe, and a syrup bucket. There was a wheelbarrow between the still and the house, and tracks on the trail leading from the still in the direction of the house. The trail led part of the way through the woods till it struck the edge of Arch Bradley's farm, and around the edge of his farm along the end of the rows next to the woods, the main trail leading up to defendant's house. The still had been operated. The defendant was not at the still when the officers raided it. About 6 or 8 feet from the trail leading to defendant's house the officers found a barrel and a thumper keg (used to condense steam in the place of a still worm), one on the inside of defendant's pasture and one on the outside. Inside defendant's pasture the officers found 8½ gallons of whisky in jars and a jug. The trail from the still separated into two—one leading to Arch Bradley's house, the other to defendant's house. The wheelbarrow tracks led to Arch Bradley's house.

Troy Harcrow and Tom Lyons, witnesses for the state, were found by the raiding officers at the still. Harcrow had some meal, and Lyons had some wood.

Troy Harcrow and Tom Lyons testified that the defendant sent them to the still that morning to work about an hour, that the defendant worked at the still the day before, stirring a vat of beer with a mop, and that defendant said the still was his (belonged to them—meaning him and his father). When the officers came up Harcrow and Lyons ran. Harcrow and Lyons testified that Arch Bradley told them to take some meal to the still the evening before the raid. Lyons testified that he and the defendant built the furnace and that they "put the beer up"—about 400 gallons. Harcrow and Lyons were indicted for the same offense. There was evidence for the defendant that the trail was there when he moved on the place. There was evidence of the good character of the defendant.

The main insistence of counsel for defendant is that the testimony of Harcrow and Lyons (accomplices in the crime) is not sufficiently corroborated by other proven facts and circumstances material to the issue, to justify a conviction of the defendant.

It has always been considered dangerous to convict a defendant of a high crime on the uncorroborated testimony of an accomplice. Emphasizing this sentiment, our statute was passed long ago declaring that a defendant cannot be convicted of a felony on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense. This has been brought down into the Code of 1907 as section 7897. We cite a few of the numerous decisions of our Supreme Court in which evidence has been examined and held sufficient to corroborate that of an accomplice.

In a prosecution for murder, an accomplice testified to the defendant's active participation in the robbery and murder of the deceased. An overcoat found in the possession of the defendant when he was arrested, three months afterwards was identified by other witnesses as the property of the deceased, while the defendant and his witnesses swore to his ownership of it for some time prior to the trial. It was held that the possession of the overcoat, if the jury were satisfied from the evidence that it belonged to the deceased, was not of itself sufficient to authorize a conviction, but might be sufficient corroboration of the testimony of an accomplice, to authorize the jury, if they believed his testimony, to find a verdict of guilty. Malachi v. State, 89 Ala. 134, 8 South. 104.

In Ross v. State, 74 Ala. 532, the corroboration was not of any particular fact testified to by the accomplice. The corroboration relied on was, first, the flight of the defendant, and second, proximity and opportunity for committing the crime; it having been committed at an unseasonable hour. Our Supreme Court held that the trial court did not err in submitting the question to the jury to decide whether these two facts sufficiently corroborated the testimony of an accomplice as to authorize the jury to convict upon it.

[2] Corroborate means to strengthen, not necessarily the proof of any particular fact to which the witness has testified, but the probative, criminating force of his testimony.

If the accomplice's evidence is corroborated·as to the ownership of property stolen, it is sufficient to convict of larceny in connection with confessions. Smith v. State, 59 Ala. 104. Where an accomplice testified that he, defendant, and another entered into a conspiracy to compel deceased to leave the country, went to the deceased's dwelling at night, and were throwing rocks at it when the deceased came out, that the third conspirator had then fired his gun against the house·and that witness had fired his into the air, but that he did not know which way the defendant fired, testimony of another witness as to a conversation overheard by him between defendant and the third conspirator was held admissible for the purpose of showing motive on the part of the defendant for commission of the offense charged, and also to corroborate an accomplice's testimony connecting the defendant with the homicide. Bonner v. State, 107 Ala. 97, 18 South. 226.

It was held in Burney's Case, 87 Ala. 80, 6 South. 391, that where another witness testified to hearing the words, "there ain't no more to get," testified to· by an accomplice, this may be sufficient corroboration.

[3] The finding of part of a still and 8½ gallons of whisky on defendant's premises in connection with evidence of a path leading from the still, through defendant's pasture to his barn, tending to connect the defendant with the commission of the offense, was sufficient ·corroboration of the testimony of the accomplices Harcrow and Lyons to authorize the jury to convict the defendant if they believed the testimony of the accomplices.

[4] Charges A and B (the general charges for the defendant) were properly refused, as there was a conflict in the evidence, and ample evidence to justify a conviction.

There was no error in the court's refusal of the motion for a new trial.

The record discloses no error, and the judgment of the circuit court is affirmed.

Affirmed.