160 So. 267

DODD v. STATE.

6 Div. 594.

Court of Appeals of Alabama.

March 19, 1935.

Ernest B. Fite, of Hamilton, and Travis Williams, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was indicted, tried, and convicted of arson; that is to say, for a violation of section 3289 of the Code 1923, as amended by the act of Legislature approved September 9, 1927, entitled: "An Act to amend Sections 3289, 3290, 3291, 3292, 3293 and 3294 of the Code of Alabama, relating to the crime of arson and attempt to commit arson." Gen. Acts 1927, pp. 552, 554.

The indictment contained two counts. Count 1, however, was charged out by the court, and the conviction aforesaid was had under count 2, which charged that defendant "with intent to defraud set fire to or burned, or caused to be burned, or aided or procured the burning of a dwelling house, the property of himself, against the peace and dignity of the State of Alabama." This count of the indictment followed the form prescribed in said act, supra, and was sufficient to charge what is now termed and designated arson in the first degree, as provided in said act.

Certain demurrers to the indictment are incorporated in the record, but it nowhere appears that the demurrer was brought to the attention of the court, or that the court took any action thereon. The judgment entry recites "and the defendant being duly arraigned in open court, for answer to the indictment and the charge therein contained, pleads and says that he is not guilty," etc. It follows no question as to the purported demurrer is presented. However, see the case of Lee v. State, 25 Ala. App. 488, 150 So. 167; Id., 227 Ala. 2, 150 So. 164, in which decisions the constitutionality of the amended statute is upheld.

The evidence in this case disclosed, without dispute, that this appellant was the owner of the unoccupied dwelling house in question, that the house was totally destroyed by fire in the middle of the night of March 12, 1932, and that appellant had a policy of fire insurance on the dwelling house of $1,000.

The principal evidence against this appellant on the trial below was that of state witness Elbert Matthews, an admitted accomplice. He testified to facts tending to show that this appellant hired him to set fire to the house in question and agreed to pay him a sum of money to do so, and also agreed to pay him more when the insurance money on the house was collected. This witness' testimony went into minute details as to the preparations he and the defendant made on the morning of the day the house burned, and the witness also testified on the trial that he did set fire to and burn the house that night, and that the accused carried him in his car near to the house and waited for him while he committed the act. The undisputed evidence of several witnesses tended to show that this witness' character was bad.

In corroboration of the foregoing, as the law requires (section 5635, Code 1923), the state introduced as a witness, a woman by the name of Beatrice Matthews, wife of Elbert Matthews, the accomplice aforesaid. Her testimony tended to corroborate that of her husband in many details. This witness' character was also impeached by several witnesses who testified that her general character was bad. In a further attempt to impeach this witness the defendant on cross-examination propounded to her the following questions: (1) "Mrs. Matthews, have you ever been convicted of any offense?" (2) "I will ask you if you were convicted in the court of Blount County on account of immoral conduct?" The court sustained the state's objection to each of the foregoing questions, and defendant duly reserved exceptions.

It is the law that a witness may be examined touching his conviction for crime (section 7723, Code 1923), and if it appears he has

been convicted of crime involving moral turpitude the objection goes to his credibility, but not to the competency of his testimony, unless it appears the witness had formerly been convicted of perjury or subornation of perjury. Code 1923, §.7722.

Under the recent decision of Norris v. State 229 Ala. 226, 156 So. 556, 565, we are, perforce, required to hold that there was no error of the trial court in sustaining the state's objection to the two quoted questions, supra. In the Norris Case, supra, the Supreme Court said: "The question was subject to the objection on account of its generality. * * * The objection to the question properly sustained by reason of the fact that it was too general. * * * 'Irrelevant and illegal evidence would have been responsive to it, and where this is true of a question an objection may be properly sustained to it.'" See, also, Williams v. State, 144 Ala. 14, 40 So. 405.

█ In addition to the foregoing, several other witnesses, offered by the state, testified to facts and circumstances which tended to corroborate the testimony given by the admitted accomplice. In the matter under discussion, it is the duty of the trial court to determine whether or not there is any evidence tending to corroborate the accomplice as the law requires, but it is the sole province of the jury to determine the credibility, weight, or probative force to be accorded such evidence. This rule was strictly adhered to in the case at bar, and we find no error in the rulings of the court in this connection.

██ Appellant insists the court erred in sustaining the state's objection to the following question propounded to state witness Howard Roberts on cross-examination: "Q. While the house was burning there when you first discovered it, you went out and saw Oscar Underwood there, he was the first man you saw there at the house: I want to ask you if he didn't tell you, while the house was burning, that he saw a couple of men run off of the back porch?" We do not regard this ruling as error sufficient upon which to predicate reversible error in this case, taking into consideration all of the other evidence adduced upon the trial; this under the prevailing rule to the effect that a judgment may not be reversed, nor new trial granted on the ground of improper admission or rejection of evidence, etc., unless in the opinion of the court, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected the substantial rights of the accused.

█ We are also of the opinion that no error prevailed in allowing in evidence the written statement of defendant in connection with the testimony of state witness Frank Randolph, a deputy state fire marshal. This statement was signed by the defendant, and appears to have been sworn to by him. It contains numerous statements of the defendant which are in sharp conflict with his testimony upon the trial. A full and sufficient predicate was laid for the introduction in evidence of the written statement which related directly to the facts in issue upon this trial.

No motion for a new trial was made, and no other points of decision are presented for our consideration.

Finding no reversible error in any ruling of the court, and the record being without apparent error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.