83 So.2d 374

**George SMOTHERS v. STATE.**

**6 Div. 922.**

Court of Appeals of Alabama.

Dec. 21, 1954.

Rehearing Denied March 22, 1955.

Alex Smith, Jr., and David McKay Enslen, Fayette, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Samuel Kaufman, II, of counsel, for the State.

CARR, Presiding Judge.

George Smothers, the appellant, was convicted of possessing an illegal whiskey still. Title 29, § 131, Code 1940.

The defendant did not testify in his own behalf, and in the main there is no dispute in the evidence.

The raiding officers found a complete whiskey distilling outfit near a river in a location they described as the "Orman Simpson bottom."

Howard Frost was seen by the officers working at the still and was there arrested. He lived about one-half mile from the still site. He testified that the appellant employed him to operate the still and he was engaged in this employment at the time he was arrested.

The only meritorious, reviewable question is whether or not the testimony of the admitted accomplice, Frost, was sufficiently corroborated to meet the requirements of the statute. Title 15, § 307, Code 1940.

In this aspect we must look primarily to the testimony of Mrs. Howard Frost.

It appears that a road which passed near the Frost residence led in the direction of the location of the still. This was not a public road, and it was not frequently traveled by the public. It terminated at the river or the "Orman Simpson bottom."

Mrs. Frost testified that in the forenoon of the day the officers made the raid the appellant passed her home in an automobile. He was traveling along the above described road and going in the direction of the still locale. In a short time he returned, stopped near her home, and engaged her husband in a conversation. The two left in appellant's car and journeyed in an opposite direction from the still place.

Howard Frost gave evidence concerning this conversation and trip with the appellant. He testified that the defendant had information that the still operation had been reported to the officers and they were trying to find out whether or not the rumor had any foundation. Frost and appellant separated before the noon hour. The former returned to his home and proceeded to the still where he was later in the day arrested.

In short this is the extent of the material evidence which we must consider in determining whether or not the testimony of the accomplice is sufficiently corroborated.

■ In the case of Smith v. State, 230 Ala. 413, 161 So. 538, 542, Justice Brown, writing for the Supreme Court, declared the general, applicable rule:

"It is not necessary that the corroborating evidence refer to any particular statement or fact testified to by the accomplice. If it strengthens the probative criminating force of his testimony and tends to connect the defendant with the commission of the offense, it is sufficient to warrant the submission of the issue of guilt or innocence to the jury."

■ The construction which our decisions place upon Title 15, § 307, Code 1940, is that corroboration means to strengthen, not necessarily to prove any specific fact about which the accomplice has testified. Bradley v. State, 19 Ala.App. 578, 99 So. 321.

■ Whether there is evidence to corroborate an accomplice is a question of law, but whether it sufficiently corroborates the accomplice to warrant conviction is for the jury. Doss v. State, 23 Ala.App. 168, 123 So. 237.

In matters of instant concern each case carries its own peculiar facts, and it is difficult, if not almost impossible, to find an adjudicated case which contains an analogous or similar factual foundation.

In the case of Usrey v. State, 36 Ala. App. 394, 56 So.2d 790, we held in effect that the officers' testimony that they found truck tire tracks at the still which corresponded with tires found on defendant's truck sufficiently corroborated the testimony of the accomplices.

In the case of De Graaf v. State, 34 Ala. App. 137, 37 So.2d 130, we held that the evidence tending to show appellant's proximity to the alleged offense was sufficient corroboration of the accomplice's testimony to meet the requirements of the statue.

We think that it is accurate to state that the evidence in this case in this aspect is not nearly so potent and pointed as the proof in the case at bar.

In the case of Arrington v. State, 24 Ala.App. 233, 133 So. 592, we held that evidence that defendant was at the still on the evening before the accomplices were found thereat was sufficient corroboration of their testimony that the still was defendant's.

In the case of Horn v. State, 15 Ala.App. 213, 72 So. 768, the defendant was observed riding with the accomplices and traveling in the direction of the scene of the crime. We held that this was sufficient corroboration to make a jury question, although such evidence had slight value in this regard.

■ In addition to the above the following authorities lend support to our view that the testimony of the admitted accomplice in

the case at bar was sufficiently corroborated to meet the demands of the statute. Ross v. State, 74 Ala. 532; Allen v. State, 32 Ala. App. 570, 28 So.2d 420; Burns v. State, 246 Ala. 135, 19 So.2d 450; Segars v. State, 19 Ala.App. 407, 97 So. 747; Burney v. State, 87 Ala. 80, 6 So. 391; Bradley v. State, 19 Ala.App. 578, 99 So. 321; Malachi v. State, 89 Ala. 134, 8 So. 104.

In a very able and comprehensive oral charge the trial judge clearly and correctly instructed the jury on the law relating to the provisions of our statute, Title 15, § 307, Code 1940. He substantially covered all the written charges refused to the defendant which attempted to instruct on this aspect of the law. The other refused charges were also covered by the oral charge or given written charges. This, of course, did not include the general affirmative charges. These were properly refused for the reasons hereinabove stated.

The judgment below is due to be affirmed. It is so ordered.

Affirmed.