312 So.2d 62

**Rufus CUNNINGHAM**

v.

**STATE.**

**3 Div. 307.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

---

1. See Appendix II ARCP last comment B, as to Rules of Practice in the Circuit, etc.—being superseded in Civil cases only.

———◆———

Edwin C. Page, Jr., Evergreen, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston III, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

The appellant was convicted by a Jury under Count I of an indictment of grand larceny, charging in pertinent part that,

". . . Rufus Cunningham, whose name is to the Grand Jury, otherwise, unknown, feloniously took and carried away eight (8) Buck Pocket Knives of the value of $100.00, the personal property of Wild Bros-Hardware, a corporation. . . ." He was sentenced to two years imprisonment.

Testimony in the case was to the effect that Willie Lee Autrey, a porter employed at Wild Brothers Hardware company in Evergreen, stole the knives in question from his employer at the suggestion of the appellant. Autrey took the first knife to a pawn shop in East Brewton and pawned it for $7.00, keeping $6.00 and giving the appellant $1.00. Autrey testified that he and the appellant took the other knives to the same pawn shop at different times, pawned them and split the money.

L. Hill Stallworth, an officer of Wild Brothers Hardware company, testified that Willie Lee Autrey worked for the company as a porter from November or December, 1973, until sometime in February, 1974. He identified eight Buck Pocket Knives as being merchandise from the stock of the store with a total value of at least $100.00. He stated that he did not know the appellant at all. The witness further stated that Autrey had no authority or control over the knives at all during the course of his employment.

V. M. Lowell testified that he operated a pawn and gun shop in East Brewton. He identified the appellant in the courtroom. He said on one occasion, Autrey and an unidentified man pawned the first pocket knife in question with him. He stated that the appellant later came twice to his pawn shop, pawning two knives first and five knives on the second occasion. The witness stated that he reported the incident to the police and turned the knives over to the Sheriff. He identified the knives and the pawn tickets given to Autrey and the appellant.

Conecuh County Sheriff, James M. Brock, testified that he went to the pawn

shop in East Brewton and picked up the knives from the operator. He identified the knives in court.

The appellant's mother testified, and through her the current driver's license of the appellant was introduced into evidence, over the objection of the District Attorney, for purposes of comparing the appellant's signature thereon with his purported signature on two pawn tickets which had been previously introduced into evidence.

I

The appellant filed a motion for a new trial which was overruled by the trial court. The first six grounds state in various language that the verdict of the jury was contrary to the law and the evidence in the case. Grounds 7 and 8 contend the court erred in refusing to give two written requested charges on behalf of the appellant, which were affirmative charges in nature. Ground 9 contends the appellant was convicted only upon the uncorroborated testimony of an accomplice. Ground 10 attacks the sufficiency of the evidence, and Ground 11 contends the evidence would only support a charge of receiving stolen property.

■ We cannot find that the appellant was convicted solely upon the uncorroborated testimony of an accomplice. The word "corroboration" as used in Title 15, § 307, Code of Alabama 1940, has been defined to mean "strengthen", not necessarily to prove a specific fact testified to by the accomplice. Corroboration was generally not required at common law, thus § 307, supra, being in derogation of the common law must be strictly construed. Alldredge v. State, 45 Ala.App. 171, 227 So.2d 803 (1969); Patterson v. State, 45 Ala.App. 229, 228 So.2d 843 (1969); Smothers v. State, 38 Ala.App. 153, 83 So. 2d 374, cert. denied 263 Ala. 701, 83 So.2d 376 (1954–55).

■ Corroboration of the testimony of an accomplice need not be sufficiently

strong of itself to support a conviction, and it is sufficient if it tends to connect the accused with the offense. Wyatt v. State, 51 Ala.App. 226, 283 So.2d 675; Goodman v. State, 52 Ala.App. 265, 291 So.2d 358 (1974); Bridges v. State, 52 Ala.App. 546, 295 So.2d 266 (1974); Seawright v. State, 52 Ala.App. 286, 291 So.2d 376 (1974); O'Neal v. State, 53 Ala.App. 133, 298 So.2d 62, cert. denied 292 Ala. 744, 298 So.2d 70 (1974).

■ The pawn shop operator made a personal identification of the appellant in court as being the person who pawned the knives in question on two different occasions. The knives were turned over to the Sheriff who identified them during the trial, and they were, likewise, identified by an officer of West Brothers Hardware company as having come from the stock of that store. In addition to the operator of the pawn shop shop testifying that the appellant pawned the knives, two tickets from his pawn shop were introduced into evidence bearing identification of the knives and a signature purporting to be that of the appellant. A third ticket from that pawn shop was introduced describing one knife and bearing the purported signature of Willie Autrey. The operator of the pawn shop testified that the appellant signed the pawn ticket. These are facts which would corroborate or strengthen the accomplice's testimony that by agreement he was to steal the knives and that he and the appellant were to pawn them and split the proceeds. While the corroborative evidence in this case does not go to prove every specific fact about which the accomplice testified, nevertheless, pursuant to the cases herein cited, we think the evidence independent of the accomplice's statement is sufficient corroboration thereof to present a jury question.

II

■ Once the trial judge has determined as a matter of law that there is evidence which tends to connect a defendant

with the crime, in corroboration of testimony given by an accomplice, it is then within the province of the jury to determine the credibility, weight, or probative force which should be accorded such evidence.

The appellant cites, as controlling, the case of Sorrell v. State, 249 Ala. 292, 31 So.2d 82. There was a reversal of the defendant's conviction in the *Sorrell* case for lack of evidence to corroborate the testimony of a supposed accomplice. In the *Sorrell* case, there was no evidence whatsoever tending to connect the defendant with the commission of the crime except the statement of the confessed killer. *Sorrell* and the instant case are easily distinguishable by their facts.

On removing the testimony of the accomplice in the *Sorrell* case, there remained not one scintilla of evidence to connect the defendant with the murder. By removing the testimony of Willie Lee Autrey inplicating the appellant in the instant case, we still find testimony showing Autrey and the appellant in possession of the stolen knives and pawning them. As appellant contends, this alone would show only the possession of stolen property, however, the test to corroborate the accomplice's testimony is not that evidence independent of such testimony standing alone would prove the appellant committed the crime. The test rather is that there be independent evidence going to strengthen or fortify the statement of the accomplice which would tend to connect the appellant with the commission of the crime. We find the independent evidence in the instant case meets the test of strengthening and making Willie Lee Autrey's testimony believable and tends to connect the appellant with the crime thereby corroborating the accomplice's testimony. It, therefore, was proper for the trial judge to refuse to grant the affirmative charge, and we find he properly placed the question within the province of the jury to determine the credibility, weight or probative value to be accorded such evidence. Hodge v. State, 32 Ala.App. 283, 26 So.2d 274 (1946); Dodd v. State, 26 Ala.App. 367, 160 So. 267 (1935); Luther v. State, 47 Ala.App. 647, 259 So.2d 857 (1972); Magouirk v. State, 49 Ala.App. 420, 272 So.2d 625 (1973).

 The cases are too numerous to cite holding that a general affirmative charge in favor of an accused cannot be given when the evidence affords an inference adverse to him or where there is any evidence, however weak or inconclusive, tending to make out a case against the accused. See: Alabama Digest, Criminal Law, ⊕⋙753(2).

Affirmed.

All the Judges concur.