MOORE, Retired Circuit Judge.
The indictment in this case charged, omitting the formal parts, that:
*439“. . . Robert Dudley, alias . did buy, receive, conceal, or aid in concealing, one (1) Super lectric Fan, of the value of $29.00, and one (1) J. C. Penney Mini Bike, of the value of $100.00, of the aggregate value of $129.00, the personal property of Richard Beaird, knowing that it was stolen, and not having the intent to restore it to the owner.”
The defendant entered a plea of not guilty and was tried and convicted for the offense charged. Final judgment was duly entered and the defendant appealed.
On the trial of this case, Richard Beaird testified in substance that he owned a cabin on Lake Harding in Lee County, Alabama. On the Saturday before Christmas, 1975, he went to the cabin and discovered that it had been broken into and that a chain-saw, mini-bike, helmet, electric saw and fan were missing from the cabin. Later when he went to the sheriff’s office in Lee County, Alabama, he recovered the mini-bike and fan that were taken from his cabin on the occasion in question. Beaird stated that all the items taken from the cabin were his property and the fan had a value of twenty-nine dollars and the mini-bike had a value of one hundred dollars.
Tanzie Peterson testified in part, that he burglarized the cabin on the backwaters of Lee County in December, 1975, and took a chain-saw, electric fan and mini-bike. He stated he took the items in the trunk of his car to Johnson’s Bait Bucket, a fishing tackle store, and sold them to Robert Dudley. He said he knew Dudley and had been to the store many times and talked with Dudley. He and Dudley discussed the sale price but he finally sold the items for eighty-five dollars. Further, he testified that when he first got to Johnson’s Bait Bucket he told Dudley that he had something that he thought he would be interested in out in the car and that he and Dudley went to the car and he showed the items to Dudley. He said the sale was made and the items were carried by him and Dudley and placed in a storage room in the back of the store. Peterson testified that Dudley had asked him if the items were “local”, meaning they were from around in that area, and he told him they were not. He stated that Dudley paid him and he left.
The witness, Tanzie Peterson, further testified that the cabin he took the items from was Mr. Beaird’s cabin. He testified that he first came in contact with Dudley in September, 1975, and that he, the witness, began breaking into cabins on the backwaters and taking things from them in late September, 1975. From September, 1975 to January 1,1976, he saw Dudley almost daily and sold him property, which he had stolen from the burglarized cabins, about twice a week during that period of time. According to Peterson, from September, 1975 to January 1, 1976, he had sold Dudley fifteen or twenty portable TV sets, two chain-saws, about ten circular saws, approximately ten .22 caliber rifles, ten shotguns and also clocks, radios and vacuum cleaners. Peterson testified that all the sales took place at Johnson’s Bait Bucket in Lee County, Alabama. He said that Dudley had paid him over five hundred dollars for all the items and set a price of thirty dollars for black and white TV sets and no more than fifty dollars for colored TV sets. He said that he delivered all the stolen items that he sold to Dudley to Johnson’s Bait Bucket and helped unload and put them in the store. He further testified that Dudley had asked if the items were “hot” and that he told him that they were but that the items were not from around there. Also, he said that he had told that to Dudley five or six times.
Paul Dennis testified that he was an investigator in the Lee County Sheriff’s Office and that on January 28 and 29, 1976, had conversations with Tanzie Peterson concerning burglaries that had occurred on the backwaters. He stated that he obtained a search warrant for Johnson’s Bait Bucket. The search warrant, affidavits made in connection therewith and the return of the officer making the search, and the list of property attached to the return as part of the return, were marked for identification as State’s Exhibit No. 1. Dennis said he participated in the search of *440the premises in compliance with the search warrant and that all the items shown on the list attached to the return were found on the premises searched. The mini-bike and the fan involved in this case were found and were shown on the list attached to the return. The return of the search warrant was signed by Lt. Ronnie Watkins, deputy.
State’s Exhibit No. 1 was admitted in evidence and we here set it out in toto:
"State of Alabama
"County of Lee
"Before me William J. Samford, II, Judge, District Court Lee County, Alabama (Name and Title of Magistrate) personally appeared Investigator Paul Dennis who being duly sworn, deposes and says that he has probable cause to believe and does believe that there is now being kept and concealed at a place of business know [sic] as 'Johnson's Bait Bucket' stolen property towit:[sic] 1) 12" Portable, television Serial Number 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, and (1) Portable AM & FM police Scanner radio Model #2274, said place of business being operated by Robert Dudley, alias, said premises being a retail store located on Lee -County Road #87 approximately 1/2 mile North' of the intersection of Lee County Road #87 and Lee County Road #93, being located on the East side of Lee County Road #87 and being located in Lee County, Alabama
"Sworn to and subscribed before me this the 28th day of January, 1976
"/s/ W.J. Samford II (Judge) "William J. Samford, II

"SEARCH WARRANT
"The State of Alabama, County of Lee
"To any Sheriff, Deputy and/or Municipal Police:
"Proof by affidavit haviny [sic] been made this day before me, by Investigator Paul Dennis who has received information that would lead a reasonable person to believe that there is now being kept or concealed at a place of business know [sic] as 'Johnson's Bait Bucket' stolen property towit: [sic] (1) 12" portable television, Serial Number 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, and (1) Portable AM&FM police Scanner Radio Model Number 2274, said premises being a retail place of business being operated by Robert Dudley, alias, said premises being located on Lee County Road #87 approximately 1/2 mile Norht [sic] of the intersection of Lee Count- [sic] Road #87 and Lee County Road #93, being located on the East side of Lee County Road #87 and being located in Lee County, Alabama, ....
*441"You are hereby commanded to make immediate search on the person and premises of 'Johnson's Bait Bucket' a place of business, being located on Lee County Road #87 approximately 1/2 mile North of the Intersection of Lee County Road #87 and Lee County Road #93, being further described as being a retail store facing East on Lee County' Road #87 and being operated by Robert Dudley, alias in Lee County, Alabama, said search to be conducted during the daylight hours and to include all outbuildings, vehicles and premises located on above described curtiledge. [sic]
for the following property stolen property towit [sic] (1) 12" Portable, Television, General Electric Serial Number 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 and (1) Portable AM & FM, Police Scanner, Radio, Model #2274 . . .
"And if you find the same or any part thereof, to bring it forthwith before me, at my office at Opelika, Alabama.
"Dated the 28th day of January 1976.
" /s/ W. J. Samford II (Judge) "William J. Samford, II"
"RETURN
"Received the within warrant for search on the 28 day of January, 1976, and on the 29 day of January, 1976, I executed the same by searching the said premises and finding thereon the following described property, see attached list.
"January 29, 1976.
"CHIEF LAW ENFORCEMENT OFFICER "/s/ Ronnie Watkins "By Lt. Ronnie Watkins_ "I & I Division Deputy

*442"STATE OF ALABAMA ) "Lee County )
"I William J. Samford, II, Judge of District Court of Lee County, Alabama do acknowledge reciept [sic] of the foregoing Return and direct the Sheriff of Lee County, Alabama to retain said property in his custody or to release said property to the appropriate agencies that he may direct subject to the orders of the appropriate Courts.
"this the 29th day of January 1976
"/s/ W. J. Samford II_ "William J. Samford, II, Judge of District Court, Lee County, Alabama"
"State of Alabama County of Lee
"vs.
"Robert Dudley, alias Operator of 'Johnson's Bait Bucket' (a retail store)
"AFFIDAVIT FOR SEARCH WARRANT
"BEFORE William J. Samford, II, Judge, District Court, Lee County, Ala. (Name of Judge) The undersigned being duly sworn deposes and says:
"That he (has reason to believe that) (on the premises knowr as)
"'Johnson's Bait Bucket' a retail store located on Lee County Road #87 approximately 1/2 mile North of the Intersection of Lee County Road #87 and Lee County Road #93 said premises being located on the East side of Lee County Road #87 and being operated by Robert Dudley, alias in Lee County, State of Alabama there is being concealed certain property, namely Stolen.property towit:[sic] (1) General Electric Portable, Television, 12" screen, Serial Number 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 and (1) Portable AM & FM, Police Scanner, Radio, Model Number 2274 which are Stolen Contrary to the Laws of the State of Alabama
"(here give alleged grounds for search and seizure)
"And that the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows:
"That on January 27, 1976 Investigators of the Lee County Sheriff's Department in Lee County, Alabama arrested Bruce Tanzi Peterson, alias for Burglary and Grand Larceny in the Burglary and theft of a backwater cabin belonging to Edward Pierce. Said cabin being located in the backwater area of Lee County and said property taken from above described cabin having been recovered and identified by the’owner *443and said Bruce Tanzi Peterson, alias having given a confession to Investigator Paul Dennis to the Burglary of the above described cabin. That Bruce Tanzi Peterson, alias has given Investigator Dennis (affiant) confessions that he has personally Burglarized some seventy-five backwater cabins in Lee County, Alabama and that all stolen property taken from said cabins was sold to Robert Dudley, alias at the above described 'Johnson’s Bait Bucket' the last item sold to Dudley being as recent as the past week.
"(Signature of Affiant) /s/ Paul Dennis "(Official Title) Investigator Paul Dennis, Lee County Sheriff's Dept.
"Sworn to before me, and subscribed in my presence, January 28, 1976
" /s/ W. J. Samford II (Judge) "William J. Samford, II"
"Office of JAMES C. PEARSON Sheriff Lee County Opelika, Alabama 36801 January 29, 1976
"Robert Dudley, alias
"1 Black and Decker 1/4" Drill #184819 and bit 1 Black and Decker 7 1/4" Circular Saw MDL #7301 1 Craftsman 1/4" Drill #MC1661 1 Milwaukee 1/4" Drill S#376-46820 1 Black and Decker 1/4" Drill #MC1C41 1 Craftsman 7" Circular Saw S#5628 1 Allstate Battery Charger 12 Volt S#T59 1 Chain Saw ID Plate Missing 1 Hand Key Hole Saw 1 Romar (6) Tranistor [sic] Radio 1 Triumph Digital Clock Radio 1 Plano Tackle Box 1 Mayfair 8 Track Stero S#30701 1 Catalina Mutt Band Radio 1 Lendy Worm Box with worms 1 Archer Intercom System 1 Tropic Torch Set 1 Plastic (small) Tackle Box 1 Superlectric Floor Fan MDL#2072 1 Arvin Electric heater 1 Arvin Electric Heater MDL#30H20 1 Motorola Port., Television #2095 1 Motorola Port., Television B/W
"/s/ W J Samford II." "Office of JAMES C. PEARSON Sheriff Lee County Opelika, Alabama 36801
"Robert Dudley, alias
*4441 Silvertone Port., Television S#X14120033 1 Truetone, Multi Band Radio #MNM386A-37 1 H&R 32 Caliber Revolver S#AD42929 1 Belgium DBL BB1 Rabbit Earred Shotgun 12Ga. 1 Revelation, Single, BBL, 12GA., Shotgun S#P732745 1 Glenfield MDL. #60 Sem-Automatic Rifle S#70194229[sic] 1 Colunbia, 12 Ga., Single BBL. Shotgun 1 Springfield, MDL#944 Series A 20 Ga., Sngl. BB1., Shotgun S#P679585 1 Electro Pal MDL #0040 S#23778 Trolling Motor 1 Fire Extinguisher 'Fireguard' S#BD860654 1 Coleman Propane Lantern with Tank 13 Pints of Evans Williams Straight Bourbon Whiskey 1 Zenith Color Television Commander S#5189845 1 J.C. Penny's Mini Bike Serial Number removed, 122 CC, 2 1/2 H.P. 1 Kerosene Lamp without globe 1 South Central Bell telephone 1 Can 12oz. 'Coors' Beer /s/ W J Samford II."
The appellant objected to the introduction of State’s Exhibit No. 1 — the search warrant, the affidavits in support of its issuance and the sheriff’s return with the attached list of items.
The appellant in his brief filed in this court, states two propositions on which he seeks a reversal. We here set them out as stated by him:
“1. Should the State be allowed to present into evidence a search warrant, authorizing a general exploratory search of defendant’s premises; which said search warrant was issued on the affidavit of an affiant whose conclusion as to the probable cause was based solely on the broad statement of an informant that he had sold stolen goods to the defendant; and which said affidavit listed specific articles as the object of the search, none of which were found or returned? “2. Should a felony conviction be sustained based on the testimony of an accomplice, which testimony is corroborated only by evidence seized under authority of an illegal search warrant?”
Omitting the conclusion in said propositions and reducing them to the legal question before us we state the contention for reversal as follows:
1. Were the affidavits sufficient to support the legal issuance of the search warrant?
2. Was the testimony of the accomplice sufficiently corroborated to sustain a conviction?
We shall treat those issues in the order stated.
In Bates v. State, 51 Ala.App. 338, 285 So.2d 501, cert. den. 416 U.S. 939, 94 S.Ct. 1940, 40 L.Ed.2d 289, the sufficiency of affidavits to support the issuance of a search warrant is discussed. This court there stated:
“In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, the U.S. Supreme Court stated:
“ ‘An evaluation of the constitutionality of a search warrant should begin with the rule that “the informed and deliberate determinations of magistrates empowered to issue warrants * * * are to be preferred over the hurried action of officers * * * who may happen to make arrests.” United States v. Lefkowitz, 285 U.S. 452, 464, 52 S.Ct. 420, 423, 76 L.Ed. 877: The reasons for this rule go to the foundations of the Fourth Amendment.’
“[1, 2] In order for a search warrant to be sufficient and satisfy the constitutional requirement of probable cause, the affidavit upon which it is based must contain competent evidence to support the magistrate’s finding. Skelton v. Superior Court of Orange County, 1 Cal.3d 144, 81 *445Cal.Rptr. 613, 460 P.2d 485. The sufficiency of an affidavit is determined by whether it meets the stipulations for probable cause as laid down in Aguilar, supra.
“That test is two-fold and sets the following requirements:
“ ‘. . . [T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, was “credible” or his information “reliable.” Otherwise, “the inferences from the facts which lead to the complaint” will be drawn not “by a neutral and detached magistrate”, as the Constitution requires
“[3] The appellant Bates contends that this affidavit was based on hearsay, thus insufficient for the issuance of a search warrant. He argues that Detective Bragg’s affidavit is deficient as the allegation that stolen goods were delivered to Bates or were recently observed on the B. & B. Cafe premises is not corroborated. Neither Aguilar, supra nor Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, required ‘corroboration’ or independent evidence of the reliability of information contained in an affidavit. Skelton, supra.
“[4] The appellant here questions whether the affidavit which sets out personal observations of one other than the affiant is sufficient to establish probable cause to search. So long as there appears a substantial basis for crediting the hearsay, an affidavit is not to be deemed insufficient. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. “ ‘If an officer may act upon probable cause without a warrant when the only incriminating evidence in his possession is hearsay, it would be incongruous to hold that such evidence presented in an affidavit is insufficient basis for a warrant. If evidence of a more judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant must be presented when a warrant is sought, warrants could seldom legitimatize police conduct, and resort to them would ultimately be discouraged.’
“ ‘We conclude therefore that hearsay may be the basis for a warrant.’ Jones, supra.
“[5] We say that in the instant case there was sufficient basis for accepting the hearsay, and that the magistrate acted properly. Judge Archer did not need to be convinced that the money order machine was in the B. & B. Cafe, but only that it probably was.”
It is our understanding after a consideration of opinions of the Supreme Court of the United States and the appellate courts of this State, including Bates v. State, supra, that what the law demands of the affidavits, to be sufficient to support the issuance of a search warrant are: (1) That the magistrate, authorized to issue a search warrant, must have facts, in the form of evidence, submitted to him from which he may make an informed and deliberate determination that he has probable cause to believe that the object of the search is at that place sought to be searched and that said object of said search is connected with a criminal offense and; (2) if the facts and evidence were furnished by an informant to the persons making the affidavit that the informant was credible or his information is reliable, must be shown by the affidavit.
The affidavit submitted to the magistrate to secure the issuance of the search warrant states the following underlying circumstances: That Bruce Tanzie Peterson was the informant; that he had confessed to the affiant that he had burglarized some seventy-five backwater cabins in Lee County, Alabama; that all stolen property taken from said cabins by him was sold by him to Robert Dudley at Johnson’s Bait Bucket and that the last item was sold to Dudley as *446recent as the past week. The affidavit also stated the personal knowledge of affiant of the description and location of Johnson’s Bait Bucket. The affidavit describes it as a retail store and locates it with reference to distance, direction and highways. The object of the search is described as stolen property to-wit: (1) General Electric portable television, 12" screen, serial number 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 and (1) portable AM & FM police scanner radio, model number 2274. It is clear from the affidavit that the objects sought to be searched for was information the affiant received from the said informer. The detailed description of which on the other side of the videlicet (to-wit) in the affidavit may not state clearly where he obtained that information but common sense, (which the magistrate is authorized to use) says he either got it from the informer or from the owner of the property. Be that as it may, the central fact is that the affidavit says it was stolen property. The affidavit states the personal knowledge of affiant that said informer was under arrest charged with burglary and grand larceny in the burglary and theft of a backwater cabin belonging to Edward Pierce located in Lee County, Alabama.
 We are clear to the conclusion and judgment that the affidavits in the case before us submitted to the magistrate in support of the issuance of the search warrant, completely meet the tests of the law and legally supports the issuance of said search warrant. Said affidavits show that all of said stolen goods were sold to the appellant at the said store and some of them as recent as the week before the making of the affidavit. Stolen property is connected with a criminal offense and is vital evidence in the trial of the charge against this appellant. The confession of Tanzie Peterson set out in the affidavit must be considered as reliable information. Tanzie Peterson had much to loose by making the confession. He was under arrest for criminal offenses connected therewith and his confession could be used against him in the prosecution of said charges. It is difficult to see how it could be more reliable. When the information furnished by the informer is thus made reliable there is no necessity to show that the informer is credible. The law is more concerned with truth found in reliable information than with so-called evidence of the credibility of an informer. The affidavits furnished the magistrate with facts, by way of evidence, of the underlying circumstances showing that the property, the object of the search sought, was stolen property; that there was probable cause for believing that it was in the possession of appellant at said store and that appellant had received it having reasonable cause to believe that it was stolen. All of the properties taken from about seventy-five cabins burglarized were carried to appellant by Tanzie Peterson. Appellant therefore saw said Peterson. The evidence in the case before us shows that Peterson was a twenty-one-year-old man. That was enough to put any reasonably intelligent person on inquiry as to how Peterson came by the property. The trial court correctly and legally admitted in evidence State’s Exhibit Number 1.
The search warrant being legally issued, the search was legal.
The return of the search warrant does not reveal that the items of property named in the affidavits or the search warrant were found in the search. But the return reveals and the testimony in this ease shows that the property described in the indictment in this case was found as a result of the search conducted under the search warrant. Tan-zie Peterson went with the officers and was present with them and pointed out the property he had stolen and sold to appellant during the search and the property described in the indictment which was found in the search was so pointed out and identified by him and recovered by the officers making the search as shown by the return of the search warrant and the testimony of said officer.
In Lucy v. State, 46 Ala.App. 484, 243 So.2d 756, the officers were armed with a search warrant for 409V2 N. Conception Street in Mobile for barbiturates and they found appellant in a bedroom and various *447containers of marijuana were in the room. The appellant in that case was indicted for possession of marijuana. Judge Cates in writing for the court stated:
“The search of instant concern was reasonable and supported by a valid warrant.”
The search in the case before us was reasonable and supported by a valid warrant and evidence of the finding and recovery of the property described in the indictment was admissible. We do not find error in that respect.
We come now to a consideration of the question of whether the testimony of the accomplice was sufficiently corroborated. On that subject, Cunningham v. State, 54 Ala.App. 656, 312 So.2d 62, gives the test of such corroboration in this fashion:
“We cannot find that the appellant was convicted solely upon the uncorroborated testimony of an accomplice. The word ‘corroboration’ as used in Title 15, § 307, Code of Alabama 1940, has been defined to mean ‘strengthen’, not necessarily to prove a specific fact testified to by the accomplice. Corroboration was generally not required at common law, thus § 307, supra, being in derogation of the common law must be strictly construed. Alldredge v. State, 45 Ala.App. 171, 227 So.2d 803 (1969); Patterson v. State, 45 Ala.App. 229, 228 So.2d 843 (1969); Smothers v. State, 38 Ala.App. 153, 83 So.2d 374, cert. denied 263 Ala. 701, 83 So.2d 376 (1954-55).
“[3] Corroboration of the testimony of an accomplice need not be sufficiently strong of itself to support a conviction, and it is sufficient if it tends to connect the accused with the offense. Wyatt v. State, 51 Ala.App. 226, 283 So.2d 675; Goodman v. State, 52 Ala.App. 265, 291 So.2d 358 (1974); Bridges v. State, 52 Ala.App. 546, 295 So.2d 266 (1974); Seawright v. State, 52 Ala.App. 286, 291 So.2d 376 (1974); O’Neal v. State, 53 Ala.App. 133, 298 So.2d 62, cert. denied 292 Ala. 744, 298 So.2d 70 (1974).
“[5] Once the trial judge has determined as a matter of law that there is evidence which tends to connect a defendant with the crime, in corroboration of testimony given by an accomplice, it is then within the province of the jury to determine the credibility, weight, or probative force which should be accorded such evidence. “[6] The cases are too numerous to cite holding that a general affirmative charge in favor of an accused cannot be given when the evidence affords an inference adverse to him or where there is any evidence, however weak or inconclusive, tending to make out a case against the accused. See: Alabama Digest Criminal Law, <s== 753(2).”
Richard Beaird testified that the items described in the indictment were recovered by him from the sheriff’s office after the search and that they were taken from his cabin in a burglary thereof. He identified said items as the subject of the taking in the burglary and as being his property. The officers found said items in possession of appellant during the search.
The appellant in the case before us testified in his own behalf. He admitted buying from the said Tanzie Peterson, 2 television sets, 1 chain saw, 1 mini-bike (the one described in the indictment), 1 electric fan (the one described in the indictment), 2 electric heaters, 2 torches, 1 Black & Decker drill, 1 Black & Decker circular saw, 1 All State battery charge, 1 radio, 1 Triumph digital clock radio and 1 Mayfair 8-track stereo; and that said purchases were made during the period beginning in September, 1975, to January 1, 1976. He admitted knowing Tanzie Peterson and that Peterson was in his place of business many times during this period of time. The evidence also shows that Peterson was twenty-one years of age. The return of the search warrant shows a large number of stolen property recovered in the search. Considering those related facts taken from the evidence along with all of the evidence it is clear that the test of corroboration has been fully met in the case before us.
*448There was substantial evidence appellant was guilty as charged. A jury question was made out and the motion to exclude the evidence was properly and legally overruled.
There were no exceptions or objections to the trial court’s oral charge to the jury.
We have carefully searched the record in this case for error which would justify 'a reversal and find none.
The foregoing opinion was prepared by the Honorable L. S. Moore, a retired Circuit Judge serving as a Judge of this Court, under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
The judgment is hereby
AFFIRMED.
All the Judges concur.