TYSON, Judge.
The appellant was indicted in two counts for the offenses of grand larceny and buying, receiving and concealing stolen property. On November 5, 1976, the appellant entered a guilty plea, and the State recommended to the trial court that sentence be set at one year and one day with probation. The case was repeatedly continued until February 15, 1978, when the trial judge refused to honor the State’s recommendation with respect to sentence. The appellant was allowed to withdraw her plea of guilty, was arraigned on May 18, 1978, and went to trial on the indictment on June 19, 1978. The appellant’s trial ended the following day with the jury finding her “guilty as charged.” After examination of the appellant’s pre-sentence report, the trial judge determined that the appellant’s case warranted the severe sentence of eight years in the penitentiary (R. p. 83). From the denial of appellant’s motion for new trial, this appeal is taken.
At trial, Mrs. Nickie Junkin testified that, in May, 1975, she was employed as a sales person at Parisian’s, Incorporated, a clothing store in Decatur, Alabama. Mrs. Jun-kin recalled that, about 2:00 p. m. on May 26,1975, she observed the appellant and one she later came to know as Mrs. Johnnie Mae Cochran, looking through the racks of clothing on display in the store. Mrs. Junkin became suspicious of the activities of the two women when she noticed that the Parisian’s shopping bag that Mrs. Cochran was carrying became “fatter” than the box of shoes it contained. Mrs. Cochran had purchased the shoes earlier in the store’s shoe department. Mrs. Junkin testified that she went upstairs in the store where she could view the two women’s activities from above them. Mrs. Junkin summoned Mr. Charles Rodgers, the assistant manager of the store, to aid her in observing the two women. Mrs. Junkin could see hand movements, but she did not actually see either the appellant or Mrs. Cochran put clothing into Mrs. Cochran’s bag.
In a few minutes, the appellant and Mrs. Cochran proceeded through the front door of the store without stopping at the checkout counters. Mrs. Junkin, Mr. Rodgers, and another store employee followed the appellant and Mrs. Cochran out of the store into the parking lot. On the sidewalk in front of the store, Mr. Rodgers shouted something at the appellant and Mrs. Cochran, whereupon the women began to run to a parked automobile. The appellant quickly got into the automobile, locked the doors, and drove away, leaving Mrs. Cochran in the custody of the store employees. One of the employees recorded the appellant’s license plate number as she drove from the parking lot.
In the course of her departure from the scene, the appellant, in her haste, hit Mrs. Cochran’s leg with the bumper of the automobile. However, the injury did not warrant immediate medical attention.
When the police arrived, three items of women’s apparel were found inside Mrs. Cochran’s purse. Mrs. Junkin stated that these items, the personal property of Parisian’s, Incorporated, had not been properly purchased by Mrs. Cochran. Mrs. Junkin did not see any personal property of Parisian’s, Incorporated, in the appellant’s possession.
Mr. Charles Rodgers testified that, in May, 1975, he was employed as assistant store manager at Parisian’s, Incorporated, in Decatur, Alabama. Mr. Rodgers identified the appellant as one of the two women he was summoned to observe by Mrs. Jun- *856 kin. After viewing the women from upstairs in the store, Mr. Rodgers furnished Mrs. Junkin with a walkie-talkie so that he could secretly communicate with her as he observed the women on the main floor of the store. After Mrs. Cochran purchased a pair of shoes, she and the appellant went back to the area where they had been examining merchandise earlier. Mr. Rodgers observed the women taking clothing off the circular display rack, whereupon it disappeared from his view. In a few moments, the women walked to the front door and exited the store. At this point, Mr. Rodgers related the chase and apprehension of Mrs. Cochran and the escape of the appellant in substantially the same detail as Mrs. Jun-kin. Mr. Rodgers recalled that “some shorts and a top” were found in Mrs. Cochran’s possession when she was apprehended (R. p. 43).
On re-direct examination, Mr. Rodgers stated that, in addition to the clothing recovered from Mrs. Cochran, a white blouse was found in the parking lot and returned to the store by a customer. Defense counsel objected to hearsay, and the court gave a curative instruction.
Mrs. Cochran testified that, in May, 1975, she and the appellant went shopping together. While in Parisian’s, Incorporated, Mrs. Cochran purchased a pair of shoes. Afterwards, Mrs. Cochran put two items of clothing into her shopping bag. Mrs. Cochran recalled that the appellant also put two items of clothing into Mrs. Cochran’s shopping bag. Then the two of them walked out of the store to the appellant’s automobile. Mrs. Cochran stated that the items of clothing had not been purchased when they left the store with them in their possession.
Mrs. Cochran stated that she entered a plea of guilty to the charges filed against her. At the time of trial, Mrs. Cochran had been on probation for four or five months.
At the close of Mrs. Cochran’s testimony, the State rested its case. Thereafter, the defense rested its case. The trial judge denied defense counsel’s request for the affirmative charge. Following the trial judge’s oral charge, the case went to the jury.
I
The appellant argues that her conviction should be reversed and remanded because it was based solely on the uncorroborated testimony of an accomplice in violation of § 12-21-222, Code of Alabama 1975. In treating this issue, we will also address the related question of the sufficiency of the evidence in this case.
The statute relied upon by the appellant provides:
“§ 12-21-222. Accomplice’s testimony for felony conviction.
“A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient. (Code 1852, § 641; Code 1867, § 4193; Code 1876, § 4895; Code 1886, § 4476; Code 1896, § 5300; Code 1907, § 7897; Code 1923, § 5635; Code 1940, T. 15, § 307.)”
In White v. State, 48 Ala.App. 111, 262 So.2d 313 (1972), this court stated:
“Whether there is sufficient corroborative evidence to go to the jury is a question for the court to decide; whether the evidence is sufficiently corroborated to warrant a conviction is a question for the jury. Fagan v. State, 35 Ala.App. 13, 44 So.2d 634; Smothers v. State, 38 Ala.App. 153, 83 So.2d 374; Freeman v. State, 41 Ala.App. 512, 138 So.2d 56.
“Corroboration, to be legally sufficient, must be unequivocal and of a substantive character. It must be inconsistent with innocence of the defendant and do more than raise a suspicion of guilt. Sorrell v. State, 249 Ala. 292, 31 So.2d 82. Corroborating evidence need not refer to any particular statement or fact testified to by an accomplice, but if it strengthens the probative criminating force of the accomplice’s testimony and tends to con *857 nect the defendant with the commission of the offense, it is sufficient to warrant the submission of the case to the jury. Smith v. State, 230 Ala. 413, 161 So. 538; Smothers v. State, 38 Ala.App. 153, 83 So.2d 374; English v. State, 38 Ala.App. 377, 84 So.2d 673.
“Evidence of flight after the crime may be considered as corroborative of the testimony of an accomplice. Prophett v. State, 25 Ala.App. 20, 141 So. 257; Freeman v. State, 41 Ala.App. 512, 138 So.2d 56.”
In the instant case, two non-accomplice witnesses testified to the appellant’s suspicious behavior at the clothing racks with Mrs. Cochran. Upon exiting the store, the appellant and Mrs. Cochran began to run when the assistant store manager shouted at them to stop. Together the circumstances of community of time and place, the circumstance of flight which tends to indicate consciousness of guilt and the direct testimony of two non-accomplice witnesses as to appellant’s suspicious movements sufficiently corroborated, as a matter of law, the accomplice’s testimony such that it was proper to submit the case to the jury. Hence, appellant’s conviction did not violate § 12-21-222, Code of Alabama 1975. See generally, Gamble, McElroy’s Alabama Evidence, § 300.01 (3d Ed. 1975).
II
Appellant next complains that inadmissible hearsay testimony was admitted on several occasions. Appellant contends that this hearsay testimony improperly supplied the corroboration of the accomplice’s testimony which was necessary for conviction.
The testimony in question related to a blouse found by a customer in the parking lot of Parisian’s, Incorporated. When the subject was initially raised on redirect examination of Mrs. Junkin, there was no objection by the defense (R. pp. 31-32). On recross-examination of Mrs. Junkin, the defense went into the source of Mrs. Junkin’s knowledge of where the blouse had been found. It was shown that Mrs. Junkin’s knowledge was not personal, but based on what others had told her. Such questioning by the defense was proper and skillful cross-examination which undermined the credibility of this particular testimony in the minds of the jury.
For the reasons stated, no error appears in the record, and defense counsel’s motion to exclude this testimony was properly overruled. Morris v. State, 268 Ala. 60, 104 So.2d 810 (1958).
The trial judge moreover strengthened his ruling with the following instruction (R. p. 34):
“THE COURT: Well, I don’t remember exactly what the testimony was, but I will give the jury this instruction: You and you alone decide what the testimony was, and you pass on it. If the witness has testified to something that she couldn’t know about, you wouldn’t consider that or you would consider the fact that she was not in a position to observe or narrate either one. I think it was basically a question of cross-examination.”
During the testimony of Mr. Rodgers, the subject of the blouse was again broached (R. pp. 50-51):
“Q. Where was it found?
“A. Out in the parking lot.
“Q. What part of the parking lot?
“A. Lady said she found it right out in front of the store.
“MR. SLATE: Then we would move to exclude that it was found out in the parking lot and what the lady said, and so forth.”

“MR. SLATE: Objection is the witness just testified in answer to was one recovered in the parking lot. The witness said, ‘Yes.’ No objectionable ground there for all it appears. Then he said, ‘What part of the parking lot.’ Then he said the lady said it was thus and so, which leaves a strong inference what was said about where it was found was what the lady told him. I move to exclude that and what the lady said.
*858 “THE COURT: What the lady said I will grant your motion, but that is as far as I will go with it.”
Thus, it appears from the record that the trial judge excluded that portion of the witness’ answer which was objectionable. Hence, there was no error.
We have carefully reviewed the record in this cause and find same to be free of error. Therefore this cause is due to be and is hereby
AFFIRMED.
All the Judges concur.